```
H9SAAMEDC                      Conference

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

MEDIDATA SOLUTIONS, INC. and
MDSOL EUROPE LIMITED,

              Plaintiffs,

         v.                            17 CV 589 (LGS)

VEEVA SYSTEMS INC.,

              Defendant.

------------------------------x
                                       New York, N.Y.
                                       September 28, 2017
                                       11:20 a.m.

Before:

                 HON. LORNA G. SCHOFIELD,

                                       District Judge

                        APPEARANCES

KIRKLAND & ELLIS LLP
     Attorneys for Plaintiffs Medidata
BY:  CLAUDIA E. RAY
JOSEPH A. LOY

KEKER, VAN NEST & PETERS LLP
     Attorneys for Defendants Veeva
BY:  CHRISTA ANDERSON
KEVIN J. BRUNO
```

1              (Case called)
2              MS. RAY:  Claudia Ray, of Kirkland & Ellis, your
3    Honor.
4              THE COURT:  Good morning.
5              MR. LOY:  Joseph Loy, also of Kirkland & Ellis, your
6    Honor.
7              MS. RAY:  And also with us, your Honor, is Rick
8    Goldstein, Senior Vice President and Deputy General Counsel at
9    Medidata.
10             THE COURT:  Good morning.  You may be seated, first
11   table.
12             MS. ANDERSON:  Good morning, your Honor.
13             Christa Anderson, on behalf of Veeva Systems.
14             MR. TILLERY:  Khari Tillery, on behalf of Veeva
15   Systems.
16             MR. BRUNO:  Kevin Bruno, Veeva.
17             MR. HAMILTON:  Good morning, your Honor.
18             Andrew Hamilton, also on behalf of Veeva.
19             THE COURT:  Good morning, everyone.  You may be
20   seated.
21             So we have a number of things to talk about.  I guess
22   the most recent development that I saw was a second amended
23   complaint was filed September 20.  I wanted to ask the
24   plaintiffs if you could just summarize for me what the
25   differences are and tell me how different it is.

1           MS. RAY:  Yes, your Honor.

2           The differences are that we've added some additional

3    detail regarding the nature of the trade secrets at issue and

4    also some of the context in which we think the misappropriation

5    occurred regarding the conduit from former employees of

6    Medidata to Veeva, but the overall nature of the allegations

7    remains the same.

8           THE COURT:  OK.  One of the things I wondered and I'm

9    not sure if this a question for you or a question for the

10   defendants, is one of the issues, of course, was motion to

11   compel arbitration was how intertwined the issues are between

12   the issues in the case and what the complaint alleges versus

13   what is subject to arbitration.  And I'm wondering, at least in

14   the plaintiff's view, does this change anything?

15          MS. RAY:  No, your Honor, in the plaintiff's view this

16   does not change anything.  We have some additional detail, as I

17   said, regarding the existing facts that were pled in the

18   original complaint but the overall nature of the narrative has

19   not changed and the nature of the relationship between the

20   parties has not changed at all.

21          THE COURT:  OK.  So I see that we've already discussed

22   a date to answer or move and that is October 11.  Do the

23   defendants know yet which you will be doing?

24          MS. ANDERSON:  Your Honor, this is Christa Anderson on

25   behalf of Veeva.  We actually do have some motions we'd like to

1   bring in response.  We are still evaluating the complaint
2   obviously, we just received it least week.  But if it's
3   permissible for your Honor we'd like to respond to the question
4   your Honor raised about the new allegations.
5           We have been evaluating the allegations of the second
6   amended complaint.  We do believe that the added allegations
7   further support our motion to compel arbitration and we do
8   understand the judge had denied a motion originally.  In the
9   course of evaluating those allegations we observed that they
10  have added great detail about alleged obligations under these
11  contracts that are required to be arbitrated regarding
12  obligations concerning retention of documents, return of
13  documents, et cetera.  They've add allegations regarding
14  alleged misconduct by the employees, not by Veeva but alleged
15  misconduct by employees and how they alleged that they are
16  harmed and they have added allegations regarding relief sought.
17          So we have been looking at authority to try to assess
18  to what extent we need to bring that to your Honor's attention
19  by virtue of a motion.  We have been researching it and it
20  appears to actually be somewhat of a conflict of authority
21  about what is the right procedure to do that.  So we were
22  hoping with your Honor's permission that we could file a brief
23  letter brief to your Honor explaining what we believe is the
24  appropriate procedure to make sure that we have not waived our
25  right on appeal to make arguments concerning the new

1    allegations of the second amended complaint.
2            THE COURT:  That is fine with me.  I would just say
3    that in terms of my decision making, I'm not going to get hung
4    up on whether you cite one rule versus another as the grounds
5    for asking the Court to consider the question in light of new
6    allegations in the complaint.  But if your concern is about
7    preserving something for appeal, obviously, you need to do what
8    ever you need to do.
9            MS. ANDERSON:  Thank you.
10           THE COURT:  So that's fine, but let me ask this.  I
11   know that there is currently an interlocutory appeal of the
12   motion denying -- well, an appeal of my order denying the
13   motion to compel arbitration.  And does that affect that in
14   other words, does it moot the appeal?
15           MS. ANDERSON:  We are also researching that but we
16   believe what would happen is, for example, another motion to
17   compel arbitration, your Honor, were your Honor to deny that
18   motion, we believe at present our research indicates we would
19   also appeal that order and seek consolidation so that the Court
20   could consider them collectively.
21           THE COURT:  If that's the case, if what it is is a new
22   motion on a new complaint, I don't understand how the old
23   appeal or the old decision could still be live in any way or
24   relevant even.
25           MS. ANDERSON:  Well, you raise a very good question.

1   With you have not had enough time to come to perfect bound on
2   right legal answer to that but that is exactly what we have we
3   have been looking at is were this procedure to layout how the
4   Second Circuit would treat that.
5            THE COURT:  In som sense that's their problem, not
6   mine.  OK.  So, thank you.
7            MS. ANDERSON:  Thank you.
8            THE COURT:  There is also a pending motion to stay
9   during the pendency of the appeal and seems to me that based on
10  everything you have said that the appeal is likely to be moot.
11  I know you are still looking at it.  I haven't looked it at all
12  but just as a matter of common sense, unless it's your position
13  which it's not that all the same arguments and all the same
14  facts apply to the new complaint and new complaint changes
15  nothing, then it seems to me that your appeal is not something
16  that is going to go very far.  And I mean I can march through
17  the factors that are cited in your letters but it doesn't seem
18  to me there's any basis to stay the proceedings.  But if you
19  want to be heard on that, I'll listen.
20           MS. ANDERSON:  Yes, your Honor.
21           Well, we do believe that in this case and we
22  understand again your Honor did not agree with our original
23  motion but we do believe that that case should be stayed
24  pending whatever appeal there might be to any further order.
25  We have not reached ground on legal research.  Perhaps, it

1    might be advisable to address that as well to your Honor in a

2    supplemental letter brief so that your Honor could have the

3    information before her in making this decision.

4              But should your Honor find that you're not willing to

5    compel arbitration you would certainly be -- without a stay in

6    place.  Effectively the benefits of arbitration are denied.  So

7    we believe we belong in arbitration.  We would like that

8    relief.  And without that happening there is this form of

9    irreparable injury contrary to statements in Medidata counsel's

10   letter where you have a motion to compel arbitration that is

11   irreparable injury, that is harm because that's the point of

12   arbitrating.

13             THE COURT:  Well, you are not a party to any

14   arbitration agreement.  I don't want to rehash all of that.

15   I'm sure we will do it again when you make your application.

16   But given what I've decided it's hard to find all of that very

17   compelling.

18             MS. ANDERSON:  We understand.

19             THE COURT:  Let me hear from the plaintiff.

20             MS. RAY:  Thank you, your Honor.

21             We don't believe the material facts that relate to the

22   motion to compel arbitration and any motion to stay pending the

23   appeal have changed.  What we did in the amended complaint was

24   add a detail.  So for example, provisions of contracts are not

25   quoted.  We don't think that changes anything.  The Court found

1   that the case presents substantially a similar circumstance to
2   the Second Circuit's decision in Sokel.  We think that relates
3   to the situation here.  And you can see a line of cases going
4   to Sokel to Ross to as recently as Judge Rakoff's decision in
5   Document Technology this past April up to your Honor's decision
6   in August.  They are all on point and it's very consistent.  We
7   also think that the appeal doesn't have legs and that the
8   amended complaint does not change that.
9           THE COURT:  OK.  So I think maybe the best thing for
10  me to do is get a letter from each side and I'll take the
11  defendant's letter in a week and then the plaintiff's letter a
12  week later.  And until then I will reserve on setting a
13  discovery schedule.
14          And also, I guess you'll tell me whether or not you
15  plan to formally renew your motion to compel arbitration or
16  whether you'd like me to deem your letter as such or what you
17  want to do.  I'll leave it up to the defendants in the first
18  instance.
19          MS. ANDERSON:  Understood.
20          Thank you, your Honor.
21          THE COURT:  OK.  I normally limit letters to three
22  pages but let's do five because it seems like we have a couple
23  issues that need to be discussed.  In the event that I don't
24  stay discovery I don't want to have another conference.  So why
25  don't we just talk hypothetically.  If I were to set a

1    discovery schedule now, you've asked for essentially looks like

2    about two months longer than what my normal discovery schedule

3    would contemplate.  Tell me a little bit about the discovery

4    you envision in the case and why you think it would take us

5    until March to do fact discovery.

6             MS. RAY:  Your Honor, we think that there are

7    certainly going to be a fair amount of electronic discovery

8    here.  We're mindful of the Court's rules limiting the time for

9    that.  The parties have been talking about whether we think

10   that's feasible here.  We think we might need a bit more time.

11   Given the number of individuals that we're likely to have at

12   issue with both companies, we think we would need the

13   additional time for fact to discovery and given the holiday

14   period we think that's a factor as well.

15            THE COURT:  OK.  Let me just say a word about the

16   electronic discovery.  My individual rules that limit the time

17   and amount of electronic discovery are really intended to get

18   the parties before me if you have a case that's bigger than

19   that so that we make sure that we're all talking about it and

20   that there's some judicial supervision of the E-Discovery.  So

21   if you both agreed that you need to do more than what is

22   contemplated, feel free to agree and submit it to me or if you

23   disagree, feel free to ask for a conference so we can talk

24   about it.  OK?

25            MS. ANDERSON:  OK.

1          THE COURT:  But that is putting the cart ahead of the
2     horse.  So I look forward to your letters.
3          Is there anything else we should talk about today?
4          MS. RAY:  No, I don't believe so, your Honor.
5          MS. ANDERSON:  No.  Thank you, your Honor.
6          THE COURT:  OK.  Thank you very much.
7                          (Adjourned)