USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/27/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
MEDIDATA SOLUTIONS, INC., et al., :
                                 Plaintiffs, :
: 17 Civ. 589 (LGS)
               -against- :
: **OPINION AND ORDER**
VEEVA SYSTEMS INC., :
                                Defendant. :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

    Plaintiffs Medidata Solutions, Inc. and MDSOL Europe Limited (collectively, "Medidata") bring this action against Defendant Veeva Systems Inc. ("Veeva") for alleged violations of the Defend Trade Secrets Act, 18 U.S.C. § 1836, misappropriation of trade secrets, tortious interference with contractual relations, unfair competition, aiding and abetting breach of fiduciary duties and unjust enrichment. Defendant moves to compel arbitration and stay the case. For the following reasons, Defendant's motion is denied.

## I. BACKGROUND

### A. Factual Background

    For purposes of this Opinion, all reasonable inferences are drawn in Plaintiffs' favor. *See Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016). Familiarity with the underlying facts is assumed.

### B. Procedural History

    Plaintiffs initially sued Veeva and Defendants Alan Mateo, Michelle Marlborough, Sondra Pepe, Jason Rizzo and Richard Young, who were Plaintiffs' former employees (the "Former Employees"). On February 21, 2017, Plaintiffs filed a First Amended Complaint (the

"FAC"). On March 1, 2017, Plaintiffs voluntarily dismissed the Former Employees, leaving Veeva as the sole defendant in this case.

On March 3, 2017, Defendant filed a motion to compel arbitration and stay this action based on Plaintiff's FAC. On August 16, 2017, Defendant's motion to compel arbitration was denied because "Plaintiffs and Defendant have no contractual or other relationship that would lead to the conclusion that Plaintiffs should be compelled to arbitrate their dispute with Defendant."

On August 30, 2017, Defendant filed a motion to dismiss the FAC. On September 8, 2017, Plaintiffs requested leave to file a Second Amended Complaint (the "SAC") in lieu of responding to Defendant's motion to dismiss, and this request was granted. On September 20, 2017, Plaintiffs filed an SAC. The SAC made the same claims against the same defendants as the FAC, but included additional factual allegations surrounding the nature of the employment agreements between the Former Employees and Plaintiffs, Defendant's hiring practices, Defendant's recruitment of the Former Employees, the identity of the Former Employees and Defendant's inducement of the Former Employees into divulging Medidata's trade secrets and confidential information.

On October 5, 2017, Defendant filed a letter motion requesting a leave to renew their motion to compel arbitration in light of the SAC. Plaintiffs filed a letter response objecting to the request. Defendant's letter was construed as a renewed motion to compel arbitration. Defendant filed a reply to Plaintiff's response.

**II.     STANDARD**

The Federal Arbitration Act ("FAA") "embod[ies] [a] national policy favoring arbitration." *Id.* at 228 (quoting *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 346 (2011)).

However, "a court may order arbitration of a particular dispute only where the court is satisfied that the parties agreed to arbitrate *that dispute*." *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 297 (2010) (emphasis in original); *accord Nicosia*, 834 F.3d at 229 ("[T]he FAA does not require parties to arbitrate when they have not agreed to do so.") (citation and internal quotation marks omitted). The court considers two factors when deciding if a dispute is arbitrable: "(1) whether the parties agreed to arbitrate, and, if so, (2) whether the scope of that agreement encompasses the claims at issue." *Holick v. Cellular Sales of N.Y., LLC*, 802 F.3d 391, 394 (2d Cir. 2015).

The FAA "does not require parties to arbitrate when they have not agreed to do so," *Nicosia*, 834 F.3d at 229, but a non-signatory to an arbitration agreement may enforce that agreement under the principle of equitable estoppel where (1) "the issues the nonsignatory is seeking to resolve in arbitration are intertwined with the agreement that the estopped party has signed" and (2) there is "a relationship among the parties of a nature that justifies a conclusion that the party which agreed to arbitrate with another entity should be estopped from denying an obligation to arbitrate a similar dispute" with the non-signatory. *Ragone v. Atl. Video at Manhattan Ctr.*, 595 F.3d 115, 127 (2d Cir. 2010); *accord Barreto v. Jec II, LLC*, No. 16 Civ. 9729, 2017 WL 3172827, at *6 (S.D.N.Y. July 25, 2017).

In deciding a motion to compel arbitration, courts apply a "standard similar to that applicable for a motion for summary judgment." *Nicosia*, 834 F.3d at 229 (citation omitted). Courts must "consider all relevant, admissible evidence submitted by the parties and contained in pleadings, depositions, answers to interrogatories, and admissions on file, together with . . . affidavits," and must "draw all reasonable inferences in favor of the non-moving party." *Id.* (citation omitted).

## III. DISCUSSION

Defendant's motion to compel arbitration is denied. Plaintiffs concede that the issues that Defendant seeks to resolve in arbitration are intertwined with the underlying employment agreements. The only issue in dispute is whether there is a "relationship among the parties of a nature that justifies" compelling an arbitration between Plaintiffs and non-signatory Defendant. *Ragone*, 595 F.3d at 127.

The Opinion denied Defendant's first motion to compel arbitration based on the FAC because there was no relationship between Plaintiffs and Defendant that justified the arbitration of their dispute. *See id.* (requiring a relationship "that justifies a conclusion that the party which agreed to arbitrate with another entity should be estopped from denying an obligation to arbitrate a similar dispute" with the non-signatory). The pertinent allegations were that Plaintiffs had entered into arbitration agreements with the Former Employees who are not parties to this action; Defendant is a competitor of Plaintiffs, and no arbitration agreement exists between them; Defendant allegedly poached the Former Employees from Plaintiffs in violation of the non-compete provisions of the Former Employees' employment agreements; Defendant and the Former Employees allegedly acted in concert; and Defendant is the Former Employees' current employer.

The SAC does not plead additional facts that alter the relationship among Plaintiffs, Defendant and the Former Employees. The SAC includes additional allegations that the employment agreements required the Former Employees to return all Medidata materials upon leaving Medidata, and that the Former Employees took with them copies of highly confidential material from Medidata when leaving Medidata. The SAC also alleges further detail with respect to Defendant's recruitment of the Former Employees and their identities. These

additional allegations merely expand on the basic facts alleged in the FAC.  These additional allegations do not change the fact that the only relationship alleged between Plaintiffs and Defendant is that of competitors, and the only relationships alleged between Defendant and the Former Employees are that of co-conspirators and employer-employee.  These relationships are insufficient to compel arbitration under principles of equitable estoppel.  *See Sokol Holdings, Inc. v. BMB Munai, Inc.*, 542 F.3d 354, 362 (2d Cir. 2008) (affirming District Court's denial of motion to compel arbitration because plaintiff's complaint alleged that defendant's only relationship to the underlying contract was as a third-party wrongdoer, and plaintiff had "in no way consented to extend that agreement to an entity which tortuously subverted his rights."); *Ross v. Am. Express Co*. 547 F.3d 137, 144-46 (2d Cir. 2008) (noting that arbitration is often compelled, inter alia, where the non-signatory defendant owns or controls a signatory defendant).

That Plaintiff voluntarily dismissed the Former Employees from this lawsuit does not change the analysis.  Regardless of whether the Former Employees could enforce the arbitration agreement against Plaintiffs, Defendant Veeva cannot.  Plaintiff Meditata is free to pursue Defendant here in court, and separately assert its claims against the Former Employees in an arbitration.  *See In re Document Techs. Litig.*, No. 17 Civ. 2405, 2017 WL 2840280, at *1 (S.D.N.Y. Apr. 27, 2017) (granting signatory's motion to compel arbitration against fellow signatory and denying non-signatory's motion to compel arbitration against signatory).

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to compel arbitration and stay the case is DENIED.  The Clerk of Court is respectfully directed to close the motion at Docket No. 82.

Dated: February 27, 2018
      New York, NY

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE