USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2-6-2020

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Claudia Ray
To Call Writer Directly:
+1 212 446 4948
claudia.ray@kirkland.com

601 Lexington Avenue
New York, NY 10022
United States

+1 212 446 4800

www.kirkland.com

Facsimile:
+1 212 446 4900

February 5, 2019

Granted.
SO ORDERED:

/s/ 2/6/2020

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

**VIA ECF**

Hon. Robert W. Lehrburger
United States District Court
Southern District of New York
500 Pearl St. Rm. 1960
New York, NY 10007

Re:   No. 1:17-cv-00589-LGS-RWL, *Medidata Solutions, Inc., et al. v. Veeva Sys. Inc.*

Dear Judge Lehrburger:

Pursuant to Section III(G)(2) of Your Honor's Individual Practices, Plaintiffs Medidata Solutions, Inc. and MDSOL Europe Limited (collectively, "Medidata") and Defendant Veeva Systems Inc. ("Veeva") respectfully submit this joint motion for a protective order maintaining under seal certain redactions in Medidata's Letter Motion (Dkt. 268) and Veeva's Response (Dkt. 269), including accompanying exhibits.[1] The parties have met and conferred, and neither party opposes the other's motion, while reserving all rights to challenge the confidentiality of the underlying information in the future.

## *Medidata's Motion*

Medidata respectfully requests the Court permit the following redactions be retained:

1. Dkt. 268, p. 2, first redaction (after "involvement in the development of Vault EDC")
2. Dkt. 268, Exhibit 1 (in its entirety)
3. Dkt. 269, p. 2, first redaction (after "of its employees")
4. Dkt. 269, p. 3, third redaction (after "destroyed by Mr. Tsai may still be recoverable.")
5. Dkt. 269, Exhibit D (in its entirety)
6. Dkt. 269, Exhibit F (in its entirety)

Each of the foregoing exhibits, and portions of pleadings excerpting or paraphrasing these exhibits, includes deposition transcripts or expert reports, which in turn contain quotations from and excerpts of deposition transcripts and exhibits, and other documents produced in this litigation, all of which have been designated "Highly Confidential" under the Stipulated Protective Order

---

[1]   To avoid filing the instant motion under seal, the parties have not attached the sealed pleadings.

Hon. Robert W. Lehrburger
February 5, 2020
Page 2

(Dkt. 119). Each contains sensitive and competitively valuable information regarding Medidata's product development, marketing, and sales plans, and other Medidata trade secrets and confidential business information. Public disclosure of sensitive information about Medidata's internal workings would cause injury to its business, and Medidata's legitimate interest in maintaining the confidentiality of its internal information outweighs the more limited public interest in access to information underlying the motion at issue here.

Medidata's request comports with Second Circuit case law, which permits documents that are not "judicial documents" to remain under seal, and allows judicial documents to remain under seal where legitimate privacy interests outweigh the "common law presumption of access." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006); *see also Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 139–43 (2d Cir. 2016). *First*, the motions and exhibits here are not "judicial documents" because they are not "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119. Consistent with the *Bernstein* court's recognition that "discovery motions and accompanying exhibits" are not "judicial records," 814 F.3d at 140, Medidata here only seeks continued sealing of portions of a discovery-related motion and exhibits attached thereto. *Second*, Medidata's legitimate privacy interests in protecting its trade secrets and confidential business information outweigh any presumption of access, which is especially attenuated where, as here, the material to be sealed consists of limited portions of a discovery-related motion. *See Lugosch*, 435 F.3d at 119–21; *Bernstein*, 814 F.3d at 142–43. Medidata therefore respectfully requests that the Court permit the continued sealing of the redactions identified above.

### *Veeva's Motion*

Veeva requests that the Court retain the following redactions, which reflect confidential information related to Veeva's business and/or litigation processes:

1. Dkt. 268, Medidata's letter, second redaction on page 2 (following "Veeva admittedly");
2. Dkts. 268-1 and 268-2, Medidata's letter, Exhibits 1 and 2, in their entirety;
3. Dkt. 269, Veeva's letter, redaction on page 1 (following sentence ending "custodial documents.") and redaction beginning on page 2 and ending on page 3 (following "Medidata, including:");
4. Dkt. 269-1, Veeva's letter, Exhibit A, in its entirety.

Under Rule 5.2(e) of the Federal Rules of Civil Procedure and the Court's Individual Rule III.G.2, the Court may issue a protective order, redacting information upon a showing of good cause. Lehrburger Individ. R. III.G.2; Fed. R. Civ. P. 5.2(e); *Southwestern Investors Group LLC v. Lismore Holdings, LP*, No. 15CV1028A, 2016 WL 4054927, at *8 (W.D.N.Y. June 30, 2016). The good cause showing required under Rule 5.2(e) is the same as the good cause standard under Rule 26(c). *See King Pharm., Inc. v. Eon Labs, Inc.*, No. 04–CV–5540 (DGT), 2010 WL 3924689, at *3 (E.D.N.Y. Sept. 28, 2010). "Ordinarily, 'good cause' is satisfied if a 'clearly defined and serious injury' ... would result from disclosure of the document." *Nycomed US, Inc. v. Glenmark Generics, Inc.*, No. 08-CV-5023 (CBA), 2010 WL 889799, at *2 (E.D.N.Y. Mar. 8, 2010) (citing *Allen v. City of New York*, 420 F. Supp. 2d 295, 302 (S.D.N.Y. 2006)). Where the document sought

Hon. Robert W. Lehrburger
February 5, 2020
Page 3

to be shielded from disclosure is a judicial document, the Court must consider the public's presumptive right of access to such materials in making its determination as to good cause. *Bernstein*, 814 F.3d at 141. "[T]he weight of the presumption of access may vary according to the outcome of the motion under consideration by the court." *Lugosch*, 435 F.3d at 121. The strongest presumption attaches to documents "used to determine litigants' substantive legal rights," whereas the presumption declines for documents that move "away from 'matters that directly affect an adjudication.'" *Id.*

Here, as an initial matter, the requested redactions should not be considered "judicial documents" under the modern trend to not treat "discovery motions and accompanying exhibits" as judicial records. *Bernstein*, 814 F.3d at 140. However, even if they are judicial documents, Veeva's interest in maintaining confidentiality over the redacted information outweighs the more limited public interest in the resolution of the non-dispositive discovery motion regarding a briefing schedule to which the information relates. *See Lugosch*, 435 F.3d at 124. The requested redactions are necessary to prevent improper use of confidential information about the internal workings of Veeva's business and litigation-related processes, and hence injury to its business. *See* Stipulated Protective Order (Dkt. 119) at Section 1(b) (defining "Confidential Information" to include information "which has not been made public and which concerns or relates to the proprietary information used by the Producing Party in, or pertaining to, their business, which is not generally known, and which the Producing Party would not normally reveal to third parties… including… current and future business, product, or strategic plans,… Documents or information that, if released publicly, would cause embarrassment or damage the reputation of the Producing Party."). Specifically, the redactions that Veeva requests be maintained in Exhibit 1 to Medidata's letter discuss specific information about Veeva's product development. The remainder of the redactions that Veeva requests in Medidata's letter (second redaction on page 2) and its Exhibit 2 (entirety) and in Veeva's letter (redaction on page 1 and redaction beginning on page 2 and ending on page 3) and its Exhibit A (entirety) address Veeva's internal processes for securing systems and information in anticipation of litigation. Thus, these redactions cover confidential information regarding Veeva's product development and business- and litigation-related processes, which is the type of confidential information expressly contemplated as appropriate for a protective order under Rule 26(c)(1)(G). *See* Fed. R. Civ. P. 26(c)(1)(G) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: … requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("[C]ourts have refused to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing.").

For these reasons, Veeva respectfully requests that the Court grant its motion for a protective order, retaining the second redaction that Medidata submitted on page 2 of its letter and the entirety of Exhibits 1 & 2 under seal, filed at Dkt. No. 268, 268-1, 268-2, as well as the redaction that Veeva submitted on page 1 and on the end of page 2 and beginning of page 3 in its letter and the entirety of Exhibit A, filed at Dkt. No. 269, 269-1.

Hon. Robert W. Lehrburger
February 5, 2020
Page 4

                                     Respectfully,

                                     */s/ Claudia Ray*

                                     Claudia Ray


cc:     All Counsel of Record