# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

601 Lexington Avenue
New York, NY 10022
United States

+1 212 446 4800

www.kirkland.com

Claudia Ray
To Call Writer Directly:
+1 212 446 4948
claudia.ray@kirkland.com

Facsimile:
+1 212 446 4900

April 24, 2020

**APPLICATION GRANTED**

Plaintiffs may file the listed information in its Motion for Summary Judgment and related filings in redacted form. Plaintiffs shall ensure that Defendant can access the unredacted versions of these submissions on the docket.

Dated: April 27, 2020
New York, New York

*LORNA G. SCHOFIELD*
UNITED STATES DISTRICT JUDGE

Hon. Lorna G. Schofield
U. S. District Court,
 Southern District of New York
40 Foley Square, New York, NY  10007

Re:   No. 1:17-cv-00589-LGS-RWL, *Medidata Solutions, Inc., et al. v. Veeva Sys. Inc.*

Dear Judge Schofield:

Pursuant to Your Honor's Individual Rules and Procedures for Civil Cases, Plaintiffs Medidata Solutions, Inc. and MDSOL Europe Limited ("Medidata") respectfully submit this letter motion seeking permission to file its forthcoming Motion for Summary Judgment, as well as associated declarations and exhibits, in redacted form. Medidata acknowledges that the public generally has an interest in judicial proceedings and that under the law there is a "presumption of access" to judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). For the reasons explained below, however, there is good cause to depart from the presumption of access because public release of the information sought to be redacted would result in definite and serious injury to Medidata.

Medidata respectfully requests permission to redact the following information in its forthcoming Motion for Summary Judgment and related filings:[1]

- Motion for Summary Judgment
- Declaration of Jim Davies, including Exhibit A
- Declaration of Wendy Morahan
- Declaration of Wayne Walker
- Declaration of Michael Wendell
- Rule 56.1 Statement of Undisputed Material Facts
- Declaration of Claudia Ray Exhibits 2, 4–21, 23–36, 38, 41, 42, 45, 49–64, 67–69

---

[1] Consistent with Court rules, after filing this letter motion to seal Medidata will file (1) a public version of its Motion and related filings with the information subject to this letter motion to seal already redacted, and (2) a version viewable only by the Court and counsel for all parties with the same information highlighted. Although Medidata does not have a confidentiality interest in certain information that has been designated as confidential by Defendant Veeva Systems Inc. ("Veeva") in this matter, Medidata will also redact and highlight this information in the respective versions of its Motion and related filings to permit Veeva the opportunity to request that this material remain under seal.

Hon. Lorna G. Schofield, April 24, 2020 – Page 2

Medidata's request comports with Second Circuit case law, which permits judicial documents to remain under seal where legitimate privacy interests outweigh the "common law presumption of access." *Lugosch*, 435 F.3d at 119. The weight of the presumption is based on its value "to those monitoring the federal courts" and may be counterbalanced by "competing considerations." *Lugosch*, 435 F.3d at 119–20. In balancing the weight of the presumption of access against competing factors, courts consider "the extent of the closure or sealing sought; the potential damage to [a party] from disclosure; the significance of the public interest at stake; the extent to which [a party] intend[s] to prove [its] case by relying on documents [it] seek[s] to withhold from public scrutiny; [and] whether the particular matter is integral or tangential to the adjudication." *Standard Inv. Chartered Inc. v. Nat'l Ass'n of Sec. Dealers Inc.*, No. 07-cv-2014 (SWK), 2008 WL 199537, at *8 (S.D.N.Y. Jan. 22, 2008) (quoting *Green Mt. Chrysler Plymouth Dodge Jeep v. Crombie*, No. 05-cv-302, 2007 WL 922255, at *5 (D. Vt. Mar. 23, 2007)). Moreover, the interest in protecting "business information that might harm a litigant's competitive standing" may be sufficient to "defeat the common law presumption." *Id*.

Applying these factors, the Court should permit the requested redactions. **First**, the extent of sealing sought is narrowly tailored, as Medidata seeks to redact only its trade secrets and other confidential business information. *See Standard Inv. Chartered*, 2008 WL 199537, at *16 (permitting narrow redactions of protected information in motion papers because redaction is a "practical, narrowly tailored strategy for balancing the interest in public access and the interest of one or both parties in the confidentiality of sensitive information"). **Second**, the material for which Medidata seeks protection here, as in other circumstances where courts have granted motions to seal, contains Medidata's proprietary business information, including descriptions of the trade secrets at issue in this case, financial details pertaining to its research and development activities that resulted in those trade secrets, as well as details concerning Medidata's safeguarding of those trade secrets. *See Cumberland Packing Corp. v. Monsanto Co.*, 184 F.R.D. 504, 506 (E.D.N.Y. 1999) (noting that commonly sealed categories of documents include those containing "trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like"); *Uni-Sys. LLC v. U.S. Tennis Ass'n*, No. 17-cv-147, 2017 WL 5135603, at *1 (E.D.N.Y. Nov. 3, 2017) (denying defendant's request to unseal discovery materials containing material plaintiff claimed as confidential and trade secret information). **Third**, the public interest at stake is somewhat diminished here, where, because the underlying material in question is subsidiary to a pre-trial motion and it does not "***directly*** affect an adjudication." *Lugosch*, 435 F.3d at 119 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). **Finally**, although the material to be redacted is undoubtedly relevant to Medidata's claims in this case, Medidata seeks to prevent disclosure of "[o]nly passages that specifically refer to the protected information" and thus the remaining factors should be accorded minimal weight. *See Standard Inv. Chartered*, 2008 WL 199537, at *16 ("wholesale publication of motion papers is not required if the papers quote from or contain references to confidential information").

In sum, Medidata's legitimate privacy interests in protecting its confidential business information related to the trade secrets at issue in this case outweigh any presumption of access. *Uni-Sys.*, 2017 WL 5135603, at *1. Medidata therefore respectfully requests that the Court permit the continued sealing of the information identified above.

Hon. Lorna G. Schofield, April 24, 2020 – Page 3

        Respectfully,

        */s/ Claudia Ray*

        Claudia Ray

cc:     All Counsel of Record