# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

601 Lexington Avenue
New York, NY 10022
United States

Claudia Ray
To Call Writer Directly:
+1 212 446 4948
claudia.ray@kirkland.com

+1 212 446 4800

www.kirkland.com

Facsimile:
+1 212 446 4900

July 1, 2020

**The request to retain all the current redactions and sealing in Veeva's Submissions, except for the declaration that is included as an exhibit to dockets 331, 334 and 341, is GRANTED. The parties shall ensure that a single copy of the declaration is made publicly available on the docket.**

**Dated: July 2, 2020
New York, New York**

**LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE**

Hon. Lorna G. Schofield
U. S. District Court,
 Southern District of New York
40 Foley Square, New York, NY  10007

Re:    No. 1:17-cv-00589-LGS-RWL, *Medidata Solutions, Inc., et al. v. Veeva Sys. Inc.*

Dear Judge Schofield:

Pursuant to Your Honor's Individual Rules and Procedures for Civil Cases and this Court's order dated April 29, 2020 (Dkt. 323), Plaintiffs Medidata Solutions, Inc. and MDSOL Europe Limited ("Medidata") respectfully submit this letter motion to seal Medidata's confidential information included in Defendant Veeva Systems Inc.'s ("Veeva") briefing on the Parties' cross-motions for summary judgment, including supporting declarations, exhibits, and motions. (*See* Dkts. 326–339, 341, 355–363 (collectively, "Veeva's Submissions").) Medidata acknowledges that the public generally has an interest in judicial proceedings and that under the law there is a "presumption of access" to judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). For the reasons explained below, however, there is good cause to depart from the presumption of access because public release of the information sought to be redacted would result in definite and serious injury to Medidata.

Medidata requests the Court permit the retention of *all* current redactions and sealing in Veeva's Submissions **except** for the documents listed below:[1]

- Dkts. 331, 334 & 341,[2] Exhibit 5.

Medidata's request comports with Second Circuit case law, which permits judicial documents to remain under seal where legitimate privacy interests outweigh the "common law presumption of access." *Lugosch*, 435 F.3d at 119. The weight of the presumption is based on its value "to those monitoring the federal courts" and may be counterbalanced by "competing considerations." *Lugosch*, 435 F.3d at 119–20. In balancing the weight of the presumption of access against competing factors, courts consider "the extent of the closure or sealing sought; the

---

[1] The listed exceptions constitute information that Veeva has designated confidential but in which Medidata has no confidentiality interest.

[2] These docket entries represent the sealed, public, and errata versions of the same declaration, and the exhibit numbering is therefore consistent across all entries.

Hon. Lorna G. Schofield, July 1, 2020 – Page 2

potential damage to [a party] from disclosure; the significance of the public interest at stake; the extent to which [a party] intend[s] to prove [its] case by relying on documents [it] seek[s] to withhold from public scrutiny; [and] whether the particular matter is integral or tangential to the adjudication." *Standard Inv. Chartered Inc. v. Nat'l Ass'n of Sec. Dealers Inc.*, No. 07-cv-2014 (SWK), 2008 WL 199537, at *8 (S.D.N.Y. Jan. 22, 2008) (quoting *Green Mt. Chrysler Plymouth Dodge Jeep v. Crombie*, No. 05-cv-302, 2007 WL 922255, at *5 (D. Vt. Mar. 23, 2007)). Moreover, the interest in protecting "business information that might harm a litigant's competitive standing" may be sufficient to "defeat the common law presumption." *Id*.

Applying these factors, the Court should permit the requested redactions. ***First***, the extent of sealing sought is narrowly tailored, as Medidata seeks to redact only descriptions, excerpts, and examples of its trade secrets and other confidential business information, including testimony by its designated witnesses describing these same categories of sensitive information. *See Standard Inv. Chartered*, 2008 WL 199537, at *16 (permitting narrow redactions of protected information in motion papers because redaction is a "practical, narrowly tailored strategy for balancing the interest in public access and the interest of one or both parties in the confidentiality of sensitive information"). Indeed, as this Court acknowledged in granting an earlier motion to seal on similar subject matter, Medidata's "proposed redactions are necessary" to prevent public disclosure of its "sensitive commercial information." (Dkt. 301.) ***Second***, the material for which Medidata seeks protection here, as in other circumstances where courts have granted motions to seal, contains Medidata's proprietary business information, including information relating to the trade secrets at issue in this case, the research and development efforts and investments Medidata made to obtain those trade secrets, and the business Medidata has generated through its use of the trade secrets. *See Cumberland Packing Corp. v. Monsanto Co.*, 184 F.R.D. 504, 506 (E.D.N.Y. 1999) (noting that commonly sealed categories of documents include those containing "trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like"); *Uni-Sys. LLC v. U.S. Tennis Ass'n*, No. 17-cv-147, 2017 WL 5135603, at *1 (E.D.N.Y. Nov. 3, 2017) (denying defendant's request to unseal discovery materials containing material plaintiff claimed as confidential and trade secret information). This Court has previously approved sealing and redaction of the very same materials (and similarly sensitive information concerning the same subject matter) that Medidata requests to be sealed here. (*See* Dkt. 321, 352.) ***Third***, the public interest at stake is somewhat diminished here, as the underlying material in question is subsidiary to a pre-trial motion and thus does not "***directly*** affect an adjudication." *Lugosch*, 435 F.3d at 119 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). ***Finally***, although the material to be redacted is undoubtedly relevant to Medidata's claims in this case, Medidata seeks to prevent disclosure of "[o]nly passages that specifically refer to the protected information" and thus the remaining factors should be accorded minimal weight. *See Standard Inv. Chartered*, 2008 WL 199537, at *16 ("wholesale publication of motion papers is not required if the papers quote from or contain references to confidential information").

In sum, Medidata's legitimate privacy interests in protecting its confidential business information related to the trade secrets at issue in this case outweigh any presumption of access. *Uni-Sys.*, 2017 WL 5135603, at *1. Medidata therefore respectfully requests that the Court permit the continued sealing of the information identified above.

Hon. Lorna G. Schofield, July 1, 2020 – Page 3

      Respectfully,

      */s/ Claudia Ray*

      Claudia Ray

cc:    All Counsel of Record