

Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809

415 391 5400
keker.com

**Khari J. Tillery**
(415) 773-6621
ktillery@keker.com

July 1, 2020

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

The request to retain all the current redactions and sealing in Medidata's Submissions is GRANTED.

Dated: July 2, 2020
New York, New York

Lorna G. Schofield
UNITED STATES DISTRICT JUDGE

Re:   *Medidata Solutions, Inc., et al. v. Veeva Systems, Inc.*, Case No. 1:17-cv-00589

Dear Judge Schofield:

Pursuant to Your Honor's Individual Rule I.D.3 and the parties' stipulation governing motions to seal in connection with summary-judgment briefing, Dkt. 322, Defendant Veeva Systems Inc. ("Veeva") respectfully submits this letter motion to seal Veeva and third-party confidential information in Plaintiffs Medidata Solutions, Inc.'s and MDSOL Europe Limited's ("Medidata's") summary judgment submissions. Dkts. 312-318, 343-51. Similar to Medidata's request *vis a vis* Veeva's submissions,[1] Veeva requests that the Court retain all current redactions of Veeva and third-party confidential information in Medidata's submissions.

There is a "presumption of access" to judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). That presumption, however, is overcome "if 'countervailing factors' in the common law framework or 'higher values' in the First Amendment framework so demand." *Id.* at 124. Factors relevant to this determination include "the extent of the closure or sealing sought; the potential damage . . . from disclosure; the significance of the public interest at stake; the extent to which [a party] intend [s] to prove [its] case by relying on documents [it] seek[s] to withhold from public scrutiny; [and] whether the particular matter is integral or

---

[1] Earlier today, Medidata filed a letter brief requesting that "the Court permit the retention of all current redactions and sealing in Veeva's Submissions," except for Exhibit 5 to the Dkts. 331, 334, and 341 (which reflect the sealed, public, and errata versions of the same declaration). Dkt. 371 (Medidata Letter Motion) at 1. While there are significant substantive disputes about whether any of this information is Medidata confidential or trade secret, these disputes are not suitable for resolution in the context of a motion to seal.

1386592

The Honorable Lorna G. Schofield
July 1, 2020
Page 2

tangential to the adjudication." *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, No. 07 CIV. 2014 (SWK), 2008 WL 199537, at *8 (S.D.N.Y. Jan. 22, 2008).  Here, Medidata's submissions contain references to certain internal Veeva information, and to private personal information of third parties, which is often extensively intermingled with information that Medidata claims is confidential or trade secret.

The internal Veeva and third-party information noted above is of the type that this Court routinely recognizes as meriting sealing.  *Id.* ("competitive disadvantage" is "comparable to other harms that courts have recognized as potentially sufficient to defeat the presumption in favor of disclosure"); *see also Anderson v. New York City Health & Hosps. Corp.*, No. 16CV1051GBDKHP, 2020 WL 1047054, at *3 (S.D.N.Y. Mar. 4, 2020) (personal information such as home address and salary is "the type of information that should be shielded from public disclosure").  Further, given the breadth of Medidata's claims and the manner in which it has presented its arguments, it is difficult to disentangle the information that Medidata claims to be confidential and/or trade secret and the information in which Veeva or third parties have a legitimate confidentiality interest.

Accordingly, Veeva respectfully requests that the Court permit the continued sealing of Veeva and third-party information identified in Medidata's submissions.

Respectfully submitted,

KEKER, VAN NEST & PETERS LLP

Khari J. Tillery

KJT:jr

cc:  All counsel of record

1386592

The Honorable Lorna G. Schofield
July 1, 2020
Page 3

## Appendix of Appendix of Parties and Attorneys of Record in Accordance with Individual Rule I.D.3

| Medidata Solutions, Inc. and MDSOL Europe Limited | Veeva Systems, Inc. |
|---|---|
| Patrick Arnett | Christa Anderson |
| David Nelson Draper | Kevin Joseph Bruno |
| Jordan Mitchell Heinz | Elizabeth Egan |
| Joseph Allen Loy | Andrew T. Hambelton |
| Claudia Elizabeth Ray | Reid P. Mullen |
| Yosef J. Riemer | Divya Musinipally |
| Benjamin A. Yaghoubian | Jay Rapaport |
|  | Benjamin David Rothstein |
|  | Khari J. Tillery |
|  | Molly Caldwell Villagra |

1386592