

Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809

415 391 5400
keker.com


**Khari J. Tillery**
(415) 773-6621
ktillery@keker.com

April 5, 2021


<u>**VIA ECF**</u>

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007


Re:     *Medidata Solutions, Inc., et al. v. Veeva Systems, Inc.*, Case No. 1:17-cv-00589


Dear Judge Schofield:

The parties respectfully submit this joint letter regarding two issues relating to the pretrial schedule, each of which is intended to make the pretrial process more efficient for the Court and the parties.

*First*, a threshold dispute has arisen regarding choice-of-law, which makes it difficult for the parties to effectively meet and confer and crystallize their disputes regarding the joint jury instructions and verdict form currently due on April 8, 2021.

Specifically, the parties disagree as to whether California or New York law applies to Medidata's remaining state law cause of action for trade secret misappropriation. Veeva contends that there are numerous actual conflicts between California and New York trade secret law —in addition to the preemption under the California Uniform Trade Secret Act—which were not relevant to and thus not addressed in the motions for summary judgment (*e.g.*, damages). Thus, for the reasons set forth in the Court's Opinion & Order (Dkt. 378 at 24-27), California law must be applied to Medidata's state law trade-secret claim, otherwise the Court would be applying two states' laws to a single cause of action. Medidata contends that the Court's application of California law was limited to the issue of preemption in Counts III through VI (Medidata's common law non-misappropriation claims) and the Court expressly held that New York law applies to Medidata's separate trade secret misappropriation claim pled under New York law (Count II). *See id.* at 4 & n.1. The Court correctly found that "there is no actual conflict" because "the elements of a misappropriation claim are substantively the same" under New York and California law, consistent with both parties' briefs, which "appl[ied] New

The Honorable Lorna G. Schofield
April 5, 2021
Page 2

York and federal law to the question of misappropriation." *Id.*  Accordingly, Veeva is seeking reconsideration of an issue the Court has already decided.

Because the resolution of this gating issue will likely resolve many of the parties' disputes regarding jury instructions and the verdict form, the parties jointly request permission to (1) each submit a five-page letter, no later than Tuesday, April 13, 2021, containing their respective positions on the applicable law; and (2) submit joint jury instructions and a joint verdict form within two weeks of the Court's decision on this threshold issue.

*Second*, the parties agree that it would be more efficient to submit pretrial briefs—which are also currently due on April 8, 2021—after the Court has ruled on their motions in *limine*.  The parties therefore jointly request that the Court extend the deadline for the submission of trial briefs to the earlier of two weeks after ruling on the parties' motions in *limine* or one month prior to the start of trial.

Respectfully submitted,

KEKER, VAN NEST & PETERS LLP

Khari J. Tillery

KJT:jr

cc:  All counsel of record

1672520