

Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809

415 391 5400
keker.com

**Khari J. Tillery**
(415) 773-6621
ktillery@keker.com

April 13, 2021

**VIA ECF**

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY  10007

Re:   *Medidata Solutions, Inc., et al. v. Veeva Systems, Inc.*
   Case No. 1:17-cv-00589-LGS

Dear Judge Schofield:

## I.   INTRODUCTION[1]

The question presented here is whether the Court should apply California or New York law to Medidata's remaining state-law claim for trade-secret misappropriation (Count II of the Second Amended Complaint (SAC)). The Court answered this question two months ago when, applying New York choice-of-law principles, it correctly held that California law governs Medidata's state-law claims and required that all of those claims, except Count II, be dismissed. As discussed below, Medidata offers no valid rationale for contradicting that ruling by now applying New York law to Medidata's only remaining state-law claim.

## II.   ARGUMENT

The Court's SJ Order held that Medidata's state-law claims are governed by "controlling California law." This was no offhand remark: On that basis, the Court dismissed four of the SAC's six counts as preempted by the California Uniform Trade Secret Act ("CUTSA"). Medidata cites to a footnote elsewhere in the SJ Order to argue that New York governs the sole remaining state-law claim (Count II), but the footnote will not bear that weight. Here's why.

Medidata's SAC alleged counts under federal law for violation of the Defend Trade Secrets Act (Count I) and under state law for misappropriation of trade secrets (Count II). The Court's SJ Order ruled that those two claims survived as to the 10 classes of trade secrets that Medidata had identified with sufficient particularity. SJO at 28–29. The Court also ruled that four New York

---

[1] "SJ Order" and "SJO" refer to the Court's February 10, 2021 Sealed Order & Opinion (Dkt. No. 378). Throughout this brief, unless otherwise indicated, emphases were added to quotations, and internal punctuation, citations, and footnotes were omitted from them.

The Honorable Lorna G. Schofield
April 13, 2021
Page 2

common-law claims (Counts III–VI) were "preempted *under controlling California law*." SJO at 29.[2] That left Count II, for trade-secret misappropriation, as the sole state-law claim remaining in the case.

In dismissing Counts III–VI, the Court reasoned as follows. Because New York is the forum state, New York choice-of-law rules apply. Under those rules, an "actual conflict" existed because the CUTSA preempts non-contract claims to the extent that they are predicated—as Counts III–VI all were—on the use of confidential information. SJO at 24–25. And California had the "greater interest in the dispute" because (1) California was the locus of the alleged misappropriation, (2) Veeva is headquartered in California, and (3) Medidata identified no specific injuries that occurred in New York. Accordingly, the Court ruled that Counts III–VI were "preempted under controlling California law" and must be dismissed. SJO at 25–26.

Consistent with its CUTSA-preemption ruling, the Court should hold that Count II is governed by California law, not New York law. Yet Medidata insists otherwise. Medidata hangs its hat on a footnote in another section of the SJ Order, which states in substance that, for purposes of adjudicating the parties' cross motions for summary judgment, the Court would apply New York law because it did not differ materially from California law and because the parties had cited New York law in their motion papers. SJO at 4 n.1.

Medidata now strains to read footnote 1 as a binding choice-of-law adjudication that was intended to govern the remainder of the proceedings on Count II through final judgment. But that simply cannot be. It would defy the norms of both law and logic to apply "controlling" California *trade secret law* to dismiss all of Medidata's non-trade secret state-law claims based on the alleged misuse of information and then to turn around and apply New York law to Medidata's one remaining state-law claim *for trade secret misappropriation based on the same allegations*. All the factors that the Court correctly identified as grounds for applying California law to Counts III–VI apply equally to Count II—including the Court's threshold finding that an "actual conflict" exists. California and New York law clash materially on numerous issues that were not relevant to resolving the parties' summary-judgment motions and therefore were not argued by the parties in connection with those motions, let alone mentioned in footnote 1 of the SJ Order; but those conflicts are sure to assume importance at trial.[3] For example:

- To identify trade secrets, New York employs a complex, six-factor balancing test, whereas the CUTSA test requires proof of two more-precisely defined, mandatory elements.[4]

---

[2] These were claims for tortious interference with contractual relations (Count III), unfair competition (Count IV), aiding and abetting breach of fiduciary duties (Count V), and unjust enrichment (Count VI).

[3] *See generally* Gregory S. Bombard, *Three Key Distinctions Between the Uniform Trade Secrets Act and the Common Law*, 17 COMMERCIAL & BUS. LITIG. 23 (2016) (detailing differences between UTSA and New York law).

[4] *Compare Ashland Mgmt. Inc. v. Janien*, 624 N.E.2d 1007, 1013 (N.Y. 1993) (stating New

The Honorable Lorna G. Schofield
April 13, 2021
Page 3

- New York requires "continuous use" of a trade secret to qualify for protection; we are aware of no such requirement in the CUTSA.[5]

- Under New York law, a trade-secret plaintiff cannot obtain disgorgement of unjust enrichment in the form of "avoided costs" (the amount that the plaintiff spent to develop the trade secrets), which is one of Medidata's theories of recovery in this case.[6] We are aware of no such categorical California rule on this issue.

- The CUTSA authorizes punitive damages for "willful and malicious" misappropriation, while New York authorizes them for dishonesty so "wanton" as to "imply a criminal indifference to civil obligations—morally culpable conduct directed at the general public."[7] Whatever the practical difference between those standards may be, using the wrong verbiage in the jury instructions could result in reversible error.

- The CUTSA expressly limits punitive or "exemplary" damages to twice the amount of any award for actual loss, unjust enrichment, or a reasonable royalty.[8] We are aware of no such limit under New York law.

And these are just the *known* conflicts (many of which, it should be noted, benefit Medidata and not Veeva). From our pre-trial vantage point, we cannot possibly predict all the ways in which California and New York law may turn out to conflict materially on issues that arise at trial, in the jury instructions, or in post-trial briefing.

---

York's six-factor test), *with Silvaco Data Sys. v. Intel Corp.*, 109 Cal. Rptr. 3d 27, 38 (Cal. Ct. App. 2010) (stating two-pronged CUTSA trade-secret definition), *disapproved on other grounds by Kwikset Corp. v. Super. Ct.*, 246 P.3d 877 (Cal. 2011), *and* Cal. Civ. Code § 3426.1(d).

[5] *Compare Ashland Mgmt.*, 624 N.E.2d at 1013 (trade secret must be "used in one's business"), *and Minn. Mining & Mfg. Co. v. Tech. Tape Corp.*, 192 N.Y.S.2d 102, 112–13 (Sup. Ct. 1959) ("A trade secret is a process or device for continuous use in the operation of the business."), *aff'd,* 226 N.Y.S.2d 1021 (N.Y. 1962), *with Silvaco*, 109 Cal. Rptr. 3d at 38.

[6] *See E.J. Brooks Co. v. Cambridge Sec. Seals,* 105 N.E.3d 301, 304, 311 (N.Y. 2018); *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, No. 15 CIV. 211 (LGS), 2020 WL 8079812, at *1 (S.D.N.Y. Oct. 15, 2020) ("The Court has determined that avoided cost damages are not available for the New York trade secret misappropriation claim under *E.J. Brooks Co. v. Cambridge Sec. Seals*, 31 N.Y.3d 441 (2018).").

[7] *Compare* Cal. Civ. Code § 3426.3(c) *with Brook Shopping Ctrs.*, 483 N.Y.S.2d 1021, 1022 (Sup. Ct. 1985).

[8] Cal. Civ. Code § 3426.3(c) ("If willful and malicious misappropriation exists, the court may award exemplary damages in an amount not exceeding twice any award [for actual loss, unjust enrichment, or reasonable royalty].").

The Honorable Lorna G. Schofield
April 13, 2021
Page 4

One final consideration is that California trade-secret claims are adjudicated under an authoritative set of official jury instructions known as the "Judicial Council of California Civil Jury Instructions" (or "CACI," pronounced "casey").[9] CACI are "the official instructions for use in the state of California" and their use is "strongly encouraged." Cal. R. Ct. 2.1050(a), (e). No similarly authoritative pattern instructions govern New York trade-secret claims.

### III.     CONCLUSION

Consistent with its CUTSA-preemption ruling, the Court should apply California law to Count II of the Second Amended Complaint.

Respectfully submitted,

Khari J. Tillery

KJT:dc

cc:  All counsel of record

---

[9] *See* CACI Nos. 4400–4412, *available at* https://www.courts.ca.gov/partners/documents/Judicial_Council_of_California_Civil_Jury_Instructions.pdf.

1674645