UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MEDIDATA SOLUTIONS, INC. et al.,           :
                      Plaintiffs,     :
                                   :
            -against-             :    17 Civ. 589 (LGS)
                                   :
VEEVA SYSTEMS, INC.,                       :    <u>ORDER</u>
                      Defendant.      :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, the Opinion & Order, dated February 10, 2021, (the "Summary Judgment Opinion") granted summary judgment to Defendant on Plaintiffs' state-law claims for tortious interference, unfair competition, aiding and abetting breach of fiduciary duties and unjust enrichment (Counts III to VI, collectively, the "State Law Claims"). The Summary Judgment Opinion applied New York's choice-of law framework and held that (1) an actual conflict existed between New York and California law for purposes of the State Law Claims, (2) California law applied to the State Law Claims because California had a greater interest in the dispute and (3) the State Law Claims were preempted by the California Uniform Trade Secrets Act ("CUTSA") to the extent they rested on the same trade secret misappropriation alleged in Counts I and II of Plaintiffs' Second Amended Complaint ("SAC"). The Summary Judgment Opinion noted that even though the State Law Claims were brought under New York law, California law properly applied under New York's choice-of-law framework because California had a greater interest in the dispute.

WHEREAS, in their motions for summary judgment on Plaintiffs' claim of common-law trade secret misappropriation (Count II), the parties disputed whether: (1) the alleged trade secrets were defined with sufficient specificity for a factfinder to ascertain whether the secrets were misappropriated; (2) whether the trade secrets were valuable and protected and (3) whether Defendants took the trade secrets from Plaintiffs and used them. The parties applied New York

law to these foundational questions.  The Summary Judgment Opinion did as well, noting no actual conflict -- that is, "significant possible effect on the outcome of the trial" -- between New York and California law on these basic issues in light of the numerous material factual disputes in the record.  *Fin. One Public Co. Ltd. v. Lehman Bros. Special Fin. Inc.*, 414 F.3d 325, 331–32 (2d Cir. 2005); *accord Hau Yin To v. HSBC Holdings, PLC*, 700 F. App'x 66, 68 (2d Cir. 2017) (summary order).

WHEREAS, the parties dispute whether California law should apply at trial to Count II, common-law trade secret misappropriation.  For the reasons stated in the Summary Judgment Opinion, California law governs Count II.  The Summary Judgment Opinion relied on New York and analogous federal law in addressing Count II because California and New York law are not in actual conflict on the specific issues raised on summary judgment.  The Summary Judgment Opinion did not mandate application of New York law to Count II at trial.  Instead, it found that California had a greater interest in the parties' dispute under New York's choice-of-law framework.  Accordingly, it is hereby

**ORDERED** that California law shall govern Count II of the SAC at trial.  It is further

**ORDERED** that by **May 11, 2021**, the parties shall file their proposed joint jury instructions and verdict form.

Dated: April 20, 2021
    New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

2