UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MEDIDATA SOLUTIONS, INC. et al.,          :
                                        Plaintiffs,     :
                                                         :
                    -against-                    :          17 Civ. 589 (LGS)
                                                         :
VEEVA SYSTEMS, INC.,                          :          ORDER
                                        Defendant.   :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, Plaintiffs Medidata Solutions, Inc. and MDSOL Europe Limited

("Medidata") and Defendant Veeva Systems, Inc. ("Veeva") have filed motions to seal

Medidata's motion for sanctions and associated declarations and exhibits and motion to strike, as

well as Defendant's respective oppositions, declarations and exhibits (collectively, the "Motions

to Seal").  The parties have filed redacted versions of these documents omitting descriptions of

each other's trade secrets and confidential business information.  Neither party opposes the

other's position regarding sealing.

      WHEREAS, a three-part inquiry determines whether to seal a document.  *See Lugosch v.*

*Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006); *accord Saadeh v. Kagan*, No.

20 Civ. 1945, 2021 WL 965334, at *2 (S.D.N.Y. Mar. 15, 2021).  The first question is whether

the document is "a judicial document subject to the [presumed] right of public access," meaning

that the document is "relevant to the performance of the judicial function and useful in the

judicial process." *Lugosch*, 435 F.3d at 119 (internal quotation marks omitted).  The second step,

if the presumption attaches, is to determine the weight of the presumption by assessing "the role

of the material at issue in the exercise of Article III judicial power and the resultant value of such

information to those monitoring the federal courts."  *Id*.  The third step is to balance against the

presumption any "competing considerations" such as "impairing law enforcement[,] judicial

efficiency" and "the privacy interests of those resisting disclosure." *Id.* at 120.  In weighing the presumption against competing considerations, a court must consider the "qualified First Amendment right of access" and can seal documents only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.*

WHEREAS, the presumption of public access applies, as moving papers are judicial documents to which a presumption of access attaches.  *See Michelo v. Nat'l Collegiate Student Loan Tr. 2007-2*, No. 18 Civ. 1781, 2021 WL 1637814, at *1 (S.D.N.Y. Apr. 27, 2021) (citing *Lugosch*, 435 F.3d at 119).

WHEREAS, the weight of the presumption is low because the parties have provided redacted versions of their moving papers, omitting only confidential business information and trade secrets.  *See Sylvania v. Ledvance LLC*, No. 20 Civ. 9858, 2021 WL 412241, at *2 (S.D.N.Y. Feb. 5, 2021) ("courts have long recognized the protection of trade secrets as a justification for limiting public access to judicial documents"); *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14 Misc. 2542, 2014 WL 12772236, at *2 (S.D.N.Y. Nov. 5, 2014) ("Disclosure of confidential proprietary material . . . poses a significant risk of harm to [a] company operating in a competitive marketplace.").  Sealing is necessary to preserve the parties' competitive business interests, which outweigh the public's interest in access to the redacted information.

WHEREAS, the information withheld is narrowly tailored to ensure public access to all but the parties' proprietary confidential information.  *See Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc*., No. 07 Civ. 2014, 2008 WL 199537, at *16 (S.D.N.Y. Jan. 22, 2008) (redaction is a "practical, narrowly tailored strategy for balancing the interest in public access and

the interest of one or both parties in the confidentiality of sensitive information").  Accordingly, it
is hereby

     **ORDERED** that the Motions to Seal are GRANTED.  All materials submitted with
redactions or under seal in relation to Medidata's motion for sanctions and motion to strike shall
remain under seal and filed on the public docket in redacted form.

     The Clerk of Court is respectfully directed to terminate the motions at Dkt. Nos. 599, 608,
617, 622 and 626.

Dated:  September 22, 2021
       New York, New York

                                  LORNA G. SCHOFIELD
                            UNITED STATES DISTRICT JUDGE