UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                   :
MEDIDATA SOLUTIONS, INC. et al.,           :
                              Plaintiffs,   :
                                                   :         17 Civ. 589 (LGS)
                -against-                    :
                                                   :            **ORDER**
VEEVA SYSTEMS, INC.,                       :
                                    Defendant.  :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, the parties filed a number of sealing motions in connection with pre-trial motions and related filings (Dkt. Nos. 390, 403, 406, 514, 515, 517, 532, 597, 611, 623, 630, 634, 645, 661, 663, 685, 686, 687, 704, 692, 705).

      WHEREAS, some of the motions appear to be overbroad and lacking sufficient detail for the Court to make a determination whether sealing is appropriate under the three-part test in *Lugosch*. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).

      WHEREAS, in some cases, Plaintiffs sought to redact certain exhibits in full, such as excerpts from expert reports, where it appears limited redactions would be sufficient.

      WHEREAS, Plaintiffs' motions generally sought confidential treatment of certain documents on the grounds that they included descriptions, excerpts and examples of trade secrets, sensitive financial information, and other confidential business information, but did not specify the ground(s) for confidential treatment for the underlying documents.

      WHEREAS, because some of Plaintiffs' motions state that certain redactions were made to protect Defendant's confidential information, it is unclear whether information that Defendant did not seek confidential treatment for in its responses to those motions should remain under seal.

WHEREAS, there does not appear to be a basis for confidential treatment for certain information Plaintiffs sought to redact, including information relating to (1) witnesses' review of documents and the extent to which the review generally identified trade secret information (Dkt. Nos. 407, 408); (2) Defendant's alleged interactions with Plaintiffs' employees (Dkt. No. 462-1, Exhibit B); (3) certain experts' reports, analyses and conclusions (e.g., Dkt. Nos. 552, 554-1); (4) Plaintiffs' former employees' alleged disclosures and alleged misappropriation of trade secrets (Dkt. Nos. 574, 575-1) and (5) generic descriptions of legal action and related testimony where privilege objections were asserted by counsel (Dkt. Nos. 585, 586-1). It is hereby

**ORDERED** that by **January 28, 2022**, Plaintiffs shall file amended motions specifically identifying on each document the basis for confidential treatment for each document proposed to be sealed in full and for each proposed redaction. For each document previously proposed to be sealed in full, Plaintiffs shall determine whether more limited redactions would suffice, and if not, explain the basis for sealing the entire document on the face of the document. If all of the redactions in a document are confidential for the same reason, Plaintiffs may so state on the cover page of the document. Plaintiffs may define certain categories (e.g., trade secret, confidential business information, personal medical information) as the basis for the request and use symbol or color to identify the basis next to each redaction. In any event, the documents should be presented in a way to facilitate the Court's efficient review of each request for sealing or redaction. In each case, the information sought to be sealed must be non-public, confidential information in which there is a continuing privacy interest (i.e., not stale information).

Dated: January 14, 2022
    New York, New York

                                                       **LORNA G. SCHOFIELD**
                                                **UNITED STATES DISTRICT JUDGE**