**KIRKLAND & ELLIS LLP**
AND AFFILIATED PARTNERSHIPS

Claudia Ray
To Call Writer Directly:
+1 212 446 4948
claudia.ray@kirkland.com

601 Lexington Avenue
New York, NY 10022
United States

+1 212 446 4800

www.kirkland.com

Facsimile:
+1 212 446 4900

January 31, 2022

Hon. Lorna G. Schofield
U. S. District Court for the Southern District of New York
40 Foley Square, New York, NY 10007

Re:   No. 1:17-cv-00589-LGS-RWL, *Medidata Solutions, Inc., et al. v. Veeva Sys. Inc.*

Dear Judge Schofield:

Pursuant to Your Honor's Individual Rules and Procedures for Civil Cases, Plaintiffs Medidata Solutions, Inc. and MDSOL Europe Limited ("Medidata") respectfully submit this letter motion seeking permission to seal Medidata's confidential information included in the parties' forthcoming Joint Amended Final Pretrial Order and Joint Proposed Jury Instructions. Medidata acknowledges that the public generally has an interest in judicial proceedings and that under the law there is a "presumption of access" to judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). For the reasons explained below, however, there is good cause to depart from the presumption of access because public release of the information sought to be redacted would result in definite and serious injury to Medidata.

Medidata respectfully requests that the Court seal the following filings and permit the retention of the redactions in their subsequently filed redacted form, which are consistent with the Court's redactions in its Order on Summary Judgment:

| Document | Basis for Confidential Treatment |
|---|---|
| Joint Amended Final Pretrial Order, Section XIV.A | • Medidata requests limited redactions of Medidata's damages expert Mr. Hall's calculations, which are based on Medidata's sensitive financial information.<br><br>• Veeva has indicated that it joins Medidata's request to seal portions of the damages statement. |
| Joint Proposed Jury Instructions, Section I.D (fn. 14) and Appendix A | • <u>Section I.D, fn. 14</u> - Medidata does not have an interest in confidential treatment of the information in this footnote. Medidata has filed this information under seal solely because Veeva has designated this |

Hon. Lorna G. Schofield, January 31, 2022 – Page 2

| Document | Basis for Confidential Treatment |
|---|---|
| | information as confidential under the Stipulated Protective Order.<br><br>• Appendix A - Medidata requests limited redactions of descriptions of Medidata's trade secrets as previously redacted in the Court's Summary Judgment Order (Dkt. 378). |

Medidata's request comports with Second Circuit case law, which permits judicial documents to remain under seal where legitimate privacy interests outweigh the "common law presumption of access." *Lugosch*, 435 F.3d at 119. The weight of the presumption is based on its value "to those monitoring the federal courts" and may be counterbalanced by "competing considerations." *Lugosch*, 435 F.3d at 119–20. In balancing the weight of the presumption of access against competing factors, courts consider "the extent of the closure or sealing sought; the potential damage to [a party] from disclosure; the significance of the public interest at stake; the extent to which [a party] intend[s] to prove [its] case by relying on documents [it] seek[s] to withhold from public scrutiny; [and] whether the particular matter is integral or tangential to the adjudication." *Standard Inv. Chartered Inc. v. Nat'l Ass'n of Sec. Dealers Inc.*, No. 07-cv-2014 (SWK), 2008 WL 199537, at *8 (S.D.N.Y. Jan. 22, 2008) (quoting *Green Mt. Chrysler Plymouth Dodge Jeep v. Crombie*, No. 05-cv-302, 2007 WL 922255, at *5 (D. Vt. Mar. 23, 2007)). Moreover, the interest in protecting "business information that might harm a litigant's competitive standing" may be sufficient to "defeat the common law presumption." *Id*.

Applying these factors, the Court should permit the requested redactions. **First**, the extent of sealing sought is narrowly tailored, as Medidata seeks to redact only descriptions of its trade secrets, sensitive financial information, and other confidential business information. *See Standard Inv. Chartered*, 2008 WL 199537, at *16 (permitting narrow redactions of protected information in motion papers because redaction is a "practical, narrowly tailored strategy for balancing the interest in public access and the interest of one or both parties in the confidentiality of sensitive information"). **Second**, the material for which Medidata seeks protection here, as in other circumstances where courts have granted motions to seal, contains Medidata's proprietary business information, including references to the trade secrets at issue in this case. *See Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Group*, No. 15-cv-211(LGS), 2021 WL 1541385, at *3 (S.D.N.Y. Apr. 20, 2021) (granting motions to seal confidential contractual, accounting, and financial information regarding the development of trade secrets and the value of the trade-secret owner's business); *see also Uni-Sys. LLC v. U.S. Tennis Ass'n*, No. 17-cv-147(KAM)(CLP), 2017 WL 5135603, at *1 (E.D.N.Y. Nov. 3, 2017) (granting motion to seal trade secret information); *Cumberland Packing Corp. v. Monsanto Co.*, 184 F.R.D. 504, 506 (E.D.N.Y. 1999) (noting that commonly sealed categories of documents include those containing "trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like"); *Encyclopedia Brown Prods. Ltd. v. Home Box Office Inc.*, 26 F. Supp. 2d 606, 612–13 (S.D.N.Y. 1998) ("Potential damage from release of trade secrets is a legitimate basis for sealing documents and restricting public access during trial."). **Third**, the public interest at stake is somewhat diminished here, as the underlying

Hon. Lorna G. Schofield, January 31, 2022 – Page 3

material in question is subsidiary to a pre-trial disclosure and thus does not "*directly* affect an adjudication." *Lugosch*, 435 F.3d at 119 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). **Finally**, although the material to be redacted is undoubtedly relevant to Medidata's claims in this case, Medidata seeks to prevent disclosure of "[o]nly passages that specifically refer to the protected information" and thus the remaining factors should be accorded minimal weight. *See Standard Inv. Chartered*, 2008 WL 199537, at *16 ("wholesale publication of motion papers is not required if the papers quote from or contain references to confidential information").

In sum, Medidata's legitimate privacy interests in protecting its confidential business information related to the trade secrets at issue in this case outweigh any presumption of access. *Uni-Sys.*, 2017 WL 5135603, at *1. Medidata therefore respectfully requests that the Court permit the continued sealing of the information identified above.

Respectfully,

*/s/ Claudia Ray*

Claudia Ray

cc:   All Counsel of Record

The motion to seal is **GRANTED IN PART**. Footnote 14 of the Joint Proposed Jury Instructions does not appear to contain confidential information. By **February 28, 2022**, the parties shall re-file a public version on the docket of the Joint Proposed Jury Instructions without redacting footnote 14. The Clerk of Court is respectfully directed to close the motion at Docket No. 748.

SO ORDERED.

Dated: February 23, 2022
        New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**