UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MEDIDATA SOLUTIONS, INC. et al., :
                                  Plaintiffs, :
 :
            -against- : 17 Civ. 589 (LGS)
 :
VEEVA SYSTEMS, INC., : OPINION & ORDER
                                Defendant. :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

      Medidata moves *in limine* to preclude portions of the expert opinion of George Hunnewell (the "Hunnewell Report") on the basis that he lacks relevant expertise, does not base his opinions on any reliable methodology and does not provide testimony helpful to the trier of fact ("Medidata MIL 2").  Veeva opposes.  For the reasons set forth below, Medidata MIL 2 is denied.

**I.    BACKGROUND**

      Familiarity with the underlying allegations and procedural history is assumed.  As relevant to the present motion, the Hunnewell Report (1) describes EDC and CTMS clinical trial software, (2) lists typical features of such software and (3) explains the dynamics of markets for such software.

**II.    STANDARD**

      Federal Rule of Evidence 702 governs the admissibility of expert testimony.  District courts play a "'gatekeeping' function" under Rule 702 and are "charged with 'the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand.'" *In re Mirena IUS Levonorgestrel-Related Prods. Liab. Litig. (No. II)*, 982 F.3d 113, 122-23 (2d Cir. 2020) (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993)).  A Rule 702 inquiry focuses on three issues: (1) whether a witness is qualified as an expert, (2) whether the witness's "opinion is based upon reliable data and methodology" and (3) whether "the expert's testimony (as to a particular matter) will assist the trier of fact." *Nimely v. City of N.Y.*,

414 F.3d 381, 397 (2d Cir. 2005) (internal quotation marks and citations omitted); *accord In re Namenda Indirect Purchaser Antitrust Litig.*, 338 F.R.D. 527, 543 (S.D.N.Y. 2021).

## III. DISCUSSION

### A. Hunnewell's Expertise and Relevance of His Testimony

Medidata characterizes the Hunnewell Report as providing irrelevant lay witness testimony under the guise of an expert opinion. Neither party disputes that Hunnewell has significant experience in the clinical trial software industry, and that he relied on that experience, combined with publicly-available information regarding EDC and CTMS products, in providing his expert report in this case. Such industry-specific expertise is regularly presented as expert testimony helpful to the jury. *See, e.g.*, *SR Int'l Bus. Ins. Co. v. World Trade Ctr. Props.*, 467 F.3d 107, 132 (2d Cir. 2006) (upholding introduction of expert's opinions on industry customs and practices, where expert had over 30 years of experience in the relevant industry; was familiar with practices in the industry, including those at issue; and, through his experience, was able to identify an industry practice); *accord Fin. Guar. Ins. Co. v. Putnam Advisory Co.,* No. 12 Civ. 7372, 2020 WL 4251229, at *5 (S.D.N.Y. Feb. 19, 2020) (a defendant may "offer testimony discussing ordinary practices and usages in a particular industry" and "[c]ourts in the Second Circuit liberally construe the expert qualifications requirement, and generally will not exclude expert testimony provided the expert has educational and experiential qualifications in a general field closely related to the subject matter in question." (internal quotation marks omitted)).

While Medidata claims that Hunnewell does not connect his opinions regarding certain publicly-available information to specific trade secrets at issue in this case, that does not render his opinion irrelevant or of no use to the trier of fact in resolving the issue for which this testimony is relevant: whether Medidata made public information that it claims as a trade secret.

Similarly, although Medidata claims that Hunnewell's testimony may be duplicative of lay witness testimony, that does not render Hunnewell's testimony irrelevant or of no use to the factfinder. Lay witnesses testify from their personal knowledge, *see* Fed. R. Evid. 701, while Hunnewell, as an expert, is intended to testify about practices and characteristics of the clinical trial software field as a whole, *see* Fed. R. Evid. 702.

### B. Hunnewell's Methodology

Medidata claims that Hunnewell did not reliably apply reliable methods to the facts, but instead draws his conclusions from his own experience. Hunnewell's report relies on a variety of industry reports and websites, as well as his own experience, to reach conclusions regarding characteristics of clinical trial software, as well as the market for such software. Pulling together information from a broad array of sources and synthesizing it into a qualitative analysis is an acceptable methodology for expert testimony. *See, e.g.*, *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 507 (S.D.N.Y. 2015) (collecting cases).

### IV. CONCLUSION

For the reasons stated above, Medidata MIL 2 is **denied**. The Clerk of Court is respectfully directed to close the motion at Docket No. 420.

Dated: February 24, 2022
New York, New York

*[signature]*
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

3