UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                                            :
MEDIDATA SOLUTIONS, INC., et al.,                           :
                                        Plaintiffs,         :
                                                            :        17 Civ. 589 (LGS)
                        -against-                           :
                                                            :        ORDER
VEEVA SYSTEMS INC.,                                         :
                                        Defendant.          :
                                                            :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

       WHEREAS, Plaintiffs Medidata Solutions, Inc. and MDSOL Europe Limited (together,

"Medidata") filed a number of motions *in limine* in anticipation of trial.  It is hereby ORDERED

that:

       1.      Medidata's motion to exclude evidence regarding Veeva's monetary investments

in the Vault Platform, or the accused Vault EDC and CTMS products (Medidata MIL #4) is

**DENIED** as moot.  Veeva agrees that it will not present evidence or argument regarding Veeva's

monetary investment in the Vault Platform or Vault EDC and CTMS products, to the extent that

such information was not produced.  Veeva may present such evidence or argument if it was

produced.

       2.      Medidata's motion to exclude evidence, testimony or argument as to Veeva's

purported independent development of its EDC or CTMS products (Medidata MIL #5) is

**DENIED**.  Veeva agrees that it will not present evidence of its alleged independent development

of EDC or CTMS that was not produced in discovery.  To the extent that Medidata objects that

Veeva thwarted discovery on this subject, these matters were raised and resolved during

discovery, which is long finished.  Both parties must live with the record as it exists and the

Court's discovery rulings.

3.     Medidata's motion to exclude testimony from Peter Gassner and Matt Wallach (Medidata MIL #7) is **DENIED** as moot as Veeva has represented that it does not intend to call either witness.

4.     Medidata's motion to exclude evidence, testimony or argument regarding Medidata's fact witnesses' review of information designated confidential by Veeva under the Stipulated Protective Order (Medidata MIL #9) is **DENIED** as moot as Veeva has represented that it does not intend to assert that Medidata's fact witnesses should have reviewed information contained in documents they were unable to view because Veeva designated those documents as confidential under the Stipulated Protective Order.  This ruling does not preclude Veeva from cross-examining witnesses about the factual basis for Medidata's allegations of trade secret misappropriation.

5.     Medidata's motion to exclude evidence, testimony or argument about claims, defenses and procedural issues no longer in this case (Medidata MIL #12) is **GRANTED IN PART**.  The parties shall not present evidence or argument about dismissed claims, defenses and parties to the extent they are no longer relevant to the case.  However, the dismissal of claims, defenses or parties does not necessarily mean that facts related to them are irrelevant to the case.  As to the admissibility of any evidence, the pertinent question is whether it is relevant to a claim or defense currently in the case, regardless of whether it is also relevant to matters no longer in the case.  The parties shall not inform the jury of any procedural matters or court orders, such as the existence or dismissal of the dismissed claims, defenses and parties, or the denial or granting of motions such as Medidata's spoliation motion concerning Mr. Tsai, which was denied.

6.     Medidata's motion to exclude any evidence, testimony or argument that Veeva's employees who were working within the scope of their employment did not constitute "Veeva" for purposes of Medidata's misappropriation claims (Medidata MIL #13) is **GRANTED IN PART**.

Veeva is precluded from arguing that Veeva's employees who were acting within the scope of their employment do not constitute "Veeva" for purposes of the misappropriation claims. However, the burden is on Medidata to show that the employees were acting within the scope of their employment when they retained and/or used Medidata's documents.  While a corporate defendant may be compelled to produce in discovery documents on an employee's personal device, that does not mean that the employer previously obtained or possessed the documents, or that the employee was acting within the scope of his or her employment in obtaining or retaining the documents.

7.      Medidata's motion to exclude expert testimony by fact witnesses (Medidata MIL #14) is **DENIED** as moot.  Veeva states its intention to comply with Federal Rules of Evidence ("FRE") 602 and 701.  FRE 701 permits a witness who is not testifying as an expert to provide opinion testimony based on the witness's perception that is not based on scientific, technical or other specialized knowledge.  Under FRE 602, Veeva's fact witnesses may testify about facts within their personal knowledge, for example, regarding Veeva's product development and the EDC and CTMS industry.

8.      Medidata's motion to preclude references to evidence or testimony as to which Medidata asserted privilege (Medidata MIL #15) is **DENIED** without prejudice to renewal in the form of an objection on privilege grounds to any evidence.  The parties shall raise privilege objections with the Court at the earliest possible time (e.g., when documents are disclosed on an adversary's exhibit list, or when deposition testimony is designated for trial).

The Clerk of Court may place on the docket the first sentence of each numbered paragraph above and is respectfully directed to close the motions at Docket Nos. 440, 453, 475, 480, 489, 492, 495 and 498.

Dated: February 24, 2022
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**