UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
                                              :
MEDIDATA SOLUTIONS, INC., et al.,       :

                       Plaintiffs,   :
                                          :          17 Civ. 589 (LGS)
          -against-              :
                                          :            __ORDER__
VEEVA SYSTEMS INC.,               :

                      Defendant. :
                                          :
-------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, Defendant Veeva Systems Inc. ("Veeva") filed a number of motions *in limine* in anticipation of trial.  It is hereby ORDERED that:

      1.     Veeva's motion to exclude evidence and argument of discovery disputes (Veeva MIL #7) is **GRANTED**.  Evidence and argument concerning discovery disputes, proceedings and orders are precluded under Federal Rule of Evidence ("FRE") 403.  Any probative evidence can be elicited without referring to the discovery process.  References to discovery are potentially confusing and a waste of time because the jury is not familiar with discovery rules and protocols, and without lengthy explanation, is likely to misinterpret the import of such references.

      2.     Veeva's motion to exclude evidence and argument regarding non-competition and non-solicitation clauses in Plaintiffs Medidata Solutions, Inc.'s and MDSOL Europe Limited's (together, "Medidata") employment contracts (Veeva MIL #9) is **GRANTED** as unopposed, as a companion to Medidata's motion *in limine* to exclude any evidence, testimony or argument concerning the parallel California state court proceeding (Dkt. No. 486).  Evidence and argument about the existence or terms of the non-competition and non-solicitation provisions in Medidata's employment contracts are precluded.

3.      Veeva's motion to exclude evidence and argument regarding Medidata's former employees not accused of wrongdoing (Veeva MIL #10) is **DENIED** under FRE 403.  Evidence or argument regarding Veeva's recruitment or hiring of Medidata's employees, apart from those accused of wrongdoing, is more probative than prejudicial, confusing or a waste of time.  Drawing inferences in favor of Medidata, this evidence is probative of whether Veeva knowingly and willfully stole Medidata's trade secrets.  Veeva has not articulated any prejudice that would be unfair, and Veeva's evidence in response is equally probative and not a waste of time.

4.      Veeva's motion to exclude argument and evidence of unrelated legal disputes (Veeva MIL #11) is **GRANTED IN PART**.  Medidata may introduce evidence regarding Prolifiq's 2014 claim that Medidata accessed Prolifiq's trade secrets when the two companies collaborated on work for a mutual customer, and then improperly used the trade secrets to develop a competing product.  This evidence is probative of Veeva's knowledge and intent when Veeva subsequently recruited Medidata employees as explained in Medidata's memorandum of law (Dkt. No. 559).  *See* Fed. R. Evid. 404(b).  Evidence of the two later competitors' 2017 complaints may not be introduced, as they do not bear on Veeva's earlier knowledge and intent.  Competitor complaints may not be used as evidence of a pattern and practice, as the challenged conduct in the competitor cases is insufficiently similar to the conduct in this case, and because the conduct (in contrast to the complaints) is subject to dispute, which could confuse the jury, waste time and be prejudicial to Veeva.  *See* Fed. R. Evid. 403, 406.  The parties shall endeavor to agree on the evidence that will be introduced about Prolifiq (perhaps by stipulation) as well as any limiting instruction, and shall submit their proposal to the court in a joint letter no later than one week prior to the final pretrial conference.

5.      Veeva's motion to require the parties to remove litigation-related confidentiality designations from exhibits shown to the jury (Veeva MIL #12) is **GRANTED**.  The parties shall

remove (rather than redact) from trial exhibits confidentiality stamps placed by counsel for the purpose of enforcing the Stipulated Protective Order.  These stamps are irrelevant and potentially misleading and confusing to the jury, which must make fact determinations of what constitutes a trade secret.  *See* Fed. R. Evid. 401, 403.

     6.     Veeva's motion to exclude evidence and argument relating to Veeva's stock price and the sales of Veeva's stock by former Medidata employees (Veeva MIL #13) is **GRANTED IN PART**.  The parties may not introduce evidence or argument to suggest that the rise in Veeva's stock price was solely or primarily due to the two products at issue here.  The parties may introduce evidence of what Veeva offered and awarded particular employees as compensation, including stock options, as well as evidence of Veeva's stock price increase, and the proceeds from such employees' exercise of Veeva's stock options.

     The Clerk of Court may place on the docket the first sentence of each numbered paragraph above and is respectfully directed to close the motions at Docket Nos. 401, 402, 428, 438, 439, 449, 452, 456, 460, 463 and 467.

Dated: February 24, 2022
     New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**