UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MEDIDATA SOLUTIONS, INC. et al.,                 :
                                    Plaintiffs,    :
                                                   :
              -against-                            :              17 Civ. 589 (LGS)
                                                   :
VEEVA SYSTEMS, INC.,                               :              OPINION & ORDER
                                    Defendant.   :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

        Medidata moves *in limine* to preclude portions of the rebuttal expert reports of Veeva's

damages expert, Daniel Ingberman (the "Ingberman Report" and the "Supplemental Ingberman

Report") ("Medidata MIL 1").  Medidata renewed the motion making the same arguments as a

portion of Medidata MIL 16.  Veeva opposes.  For the reasons set forth below, Medidata MIL 1

and Medidata MIL 16 are denied.

I.      BACKGROUND

        Familiarity with the underlying allegations and procedural history is assumed.  The

Ingberman Report purports to rebut the report of Medidata's damages expert, David Hall (the

"Hall Report").  The Hall Report provides four opinions on remedies, relating to (1) unjust

enrichment, (2) disgorgement, (3) lost profits and (4) damages through hypothetical royalties

(respectively, "Hall Opinions 1, 2, 3, 4").  The Court's order on Veeva MIL 5, which sought to

exclude portions of the Hall Report, excluded evidence of Veeva's hypothetical future profits

from Hall's unjust enrichment and reasonable royalty calculations.

        Hall submitted a supplemental report (the "Supplemental Hall Report") correcting a math

error.  Around the same time, the parties learned that former Medidata employee Anthony Tsai

had retained various Medidata documents (the "Retained Files") after leaving for Veeva.

Medidata's technical expert, Jim Davies, submitted a supplemental report (the "Supplemental

Davies Report") stating, as relevant here, that the Retained Files contained additional valuable trade secrets.  Ingberman submitted a supplemental report (the "Supplemental Ingberman Report") questioning the reliability of Hall's analysis, given that he did not update his damages calculations in response to the Supplemental Davies Report.[1]

Following the Court's decision granting Medidata's request to supplement the Hall report, Hall revised his opinions to (1) reflect that the Court had narrowed the categories of trade secrets at issue in this case and (2) eliminate reliance on certain excluded opinions  (the "Corrected Hall Report").  In response, on October 1, 2021, Ingberman submitted a Supplemental Rebuttal Report.

## II.    STANDARD

Federal Rule of Evidence 702 governs the admissibility of expert testimony.  District courts play a "'gatekeeping' function" under Rule 702 and are "charged with 'the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand.'" *In re Mirena IUS Levonorgestrel-Related Prods. Liab. Litig. (No. II)*, 982 F.3d 113, 122-23 (2d Cir. 2020) (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993)).  A Rule 702 inquiry focuses on three issues: (1) whether a witness is qualified as an expert, (2) whether the witness's "opinion is based upon reliable data and methodology" and (3) whether "the expert's testimony (as to a particular matter) will assist the trier of fact."  *Nimely v. City of N.Y.*, 414 F.3d 381, 397 (2d Cir. 2005) (internal quotation marks and citations omitted); *accord In re*

---

[1] The Supplemental Ingberman Report also questioned the reliability of Davies' opinion regarding the "head start" Veeva allegedly gained through misappropriation, which did not change in response to the parties learning of the Retained Documents and the valuable trade secrets allegedly contained therein.  Hall relied on Davies' head start opinion to compute certain damages.  Because the Order addressing Veeva MIL 4 excluded Davies' head start opinion, this Order does not address the parties' contentions regarding the Supplemental Ingberman Report's discussion of that opinion.

*Namenda Indirect Purchaser Antitrust Litig.*, 338 F.R.D. 527, 543 (S.D.N.Y. 2021).

## III.    DISCUSSION

### A.  Ingberman's Expertise

Medidata characterizes the Ingberman Report and Supplemental Rebuttal Report as offering technical opinions beyond Ingberman's expertise as an economist, in the guise of rebuttal damages opinions.  The Ingberman Report faults the Hall Report for allegedly failing to consider various non-economic evidence that could have altered the Hall Report's conclusion.  That allegedly-ignored evidence includes: (1) testimony that certain Veeva employees did not use Medidata's claimed trade secrets; (2) testimony that Veeva had accelerated development timelines; (3) testimony that Veeva could have acquired an EDC product through Medrio; (4) competitive features of the clinical trial software market and (5) that the value of trade secrets in the clinical trial software market decreased rapidly "due to the dynamic nature of the industry and the age of the information."[2]  These opinions, as well as similar others in Ingberman's reports, merely call into question the Hall Report's accuracy by pointing to countervailing evidence that the Hall Report allegedly did not consider.  They do not purport to conduct any technical analysis beyond application of Ingberman's specialized experience as an economist.  Exclusion of Ingberman's reports on the grounds that they exceed Ingberman's expertise is not warranted.

### B.  Ingberman's Methodology

Ingberman's reports seek to rebut the methodology applied in the Hall Report, primarily by noting qualitative evidence that the Hall Report allegedly did not consider.  While Medidata claims that the lack of any quantitative analysis in the Ingberman Report as to Hall Opinions 1-3

---

[2] Medidata also claims the Ingberman Report's discussion of Davies' head start opinion exceeds Ingberman's expertise.  Because the Order addressing Veeva MIL 4 excluded Davies' head start opinion, this Order does not address Medidata's contentions on this point.

renders the Ingberman Report insufficiently reliable, rebuttal experts may limit themselves to criticizing the methodology and opinions of other experts. "The task of a rebuttal expert is different from that of an affirmative expert. A rebuttal expert, by nature, criticizes the methodology and/or opinions of another. There is no requirement that a rebuttal expert himself offer a competing analysis; his opinions may properly concern criticizing that presented by another party. Rebuttal experts, therefore, have a less demanding task because they have no burden to produce models or methods of their own; they need only attack those of plaintiffs' expert." *In re Aluminum Warehousing Antitrust Litig.*, 336 F.R.D. 5, 29 (S.D.N.Y. 2020) (internal quotation marks and citations omitted) (collecting cases). At trial, Ingberman will be limited to the content of his reports, which do include a corrected running royalty calculation in response to Hall Opinion 4 but do not perform any quantitative analysis as to Hall Opinions 1-3.

**C. Supplemental Ingberman Report**

The Supplemental Ingberman Report alleges that Hall's methodology is unreliable because Hall did not update his damages estimates after the parties learned of the Retained Documents and the additional Medidata trade secrets allegedly contained therein. This analysis falls within Ingberman's expertise as an economist and, contrary to Medidata's arguments, does not attempt to controvert Davies' technical analysis. It instead claims that Hall's economic analysis (1) should have been updated in response to Davies' updated technical analysis, (2) was not and (3) is therefore unreliable.

The new arguments in the Supplemental Ingberman Report are not precluded as arguments that Veeva could and should have made before, as Medidata asserts. They are all directed on new analyses or assumptions in Hall's latest report, which is all that is required. Specifically, Ingberman's most recent report addresses new analyses from former Medidata

employees Mike Wendell and Rick Piazza underlying Hall's revised Opinion 1, and new head start periods underlying revised Opinions 2-4.  Ingberman's Exhibit 15 illustrates the discrepancy between Hall's updated reasonable royalty calculations and Veeva's willingness to pay, an issue raised in Ingberman's original report.  Although the exhibit is new, it applies previously disclosed methods to Hall's new assumptions and calculations.

IV.     CONCLUSION

For the reasons stated above, Medidata MIL 1 and MIL 16 are **denied**.  For the avoidance of doubt, at trial, Veeva shall be limited to the analyses set forth in Ingberman's reports.  The Clerk of Court is respectfully directed to close the motions at Docket Nos. 407, 409 and 662.

Dated:  February 24, 2022
        New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE