UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MEDIDATA SOLUTIONS, INC. et al., Plaintiffs, | : | |
| -against- | : | 17 Civ. 589 (LGS) |
| VEEVA SYSTEMS, INC., Defendant. | : | OPINION & ORDER |

LORNA G. SCHOFIELD, District Judge:

Medidata moves *in limine* to preclude evidence and argument relating to Veeva's patents and patent applications, as well as those of any other entity ("Medidata MIL 6"). Veeva opposes. For the reasons set forth below, the motion is granted in part.

This is an action for alleged theft of trade secrets relating to software for managing clinical trials. Medidata has applied for and obtained approximately 30 patents related to clinical trial technology. Those patents are publicly available, and Veeva disclosed them on its initial trial exhibit list. Medidata's patents are relevant to the issue of trade secret misappropriation to the extent they show that Medidata has publicly disclosed information that it asserts in this case as a trade secret. They are relevant to the issue of damages to the extent that Medidata cannot recover for trade secrets it has made public through patents. These patents touch on the central and straightforward factual question of secrecy and would not unduly confuse the jury by introducing competing legal standards, as Medidata claims.

Veeva does not dispute that its own patents, or patents held by third parties, are not relevant to any of the claims and defenses in this case. Due to this lack of relevance, evidence of other patents and patent applications is not admissible.

Medidata MIL 6 is **granted in part**. At trial, Veeva shall not introduce evidence of patents and patent applications related to its own products, or patents and patent applications held

by third parties. Veeva may introduce evidence of Medidata's own patents and patent applications disclosed on Veeva's initial trial exhibit list, as those patents are publicly available and relevant to the questions of trade secret misappropriation and damages.

The Clerk of Court is respectfully directed to close the motion at Docket No. 464.

Dated: February 24, 2022
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE