UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MEDIDATA SOLUTIONS, INC. et al., :
                                Plaintiffs, :
                                      :
              -against- : 17 Civ. 589 (LGS)
                                      :
VEEVA SYSTEMS, INC., : OPINION & ORDER
                                Defendant. :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

       Medidata moves *in limine* to preclude Veeva from relying on documents not produced in discovery during cross-examination of Medidata's witnesses ("Medidata MIL 8"). Veeva opposes. For the reasons set forth below, Medidata MIL 8 is granted.

I.     BACKGROUND

       During fact discovery, Veeva successfully resisted Medidata's attempts to compel production of certain technical and financial documents relating to the EDC and CTMS products: "(1) its EDC or CTMS source code; (2) the revision history for its source code; (3) the documents describing the functionality of and revisions to its source code; (4) the specifications, schematics, system block diagrams, flow charts, and other documents sufficient to show the design and operation of its EDC and CTMS products; and (5) documents showing which particular features, functionalities, or code from the Veeva Vault Platform were purportedly incorporated into its EDC and CTMS products," as well as "EDC- or CTMS-specific product development costs, and . . . financial information relating to the cost of developing the Vault Platform."

       A party may not introduce evidence not provided during discovery at trial unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1). Veeva represents that it has no intention of introducing at trial any Veeva documents that were not produced in discovery or publicly available but argues that it should be allowed to cross examine Medidata's experts as to whether they reviewed documents that Veeva (1) did not produce during discovery

and (2) will not be introduced at trial. Such a line of questioning would have some relevance, as it goes to the reliability of Medidata's experts. But permitting Veeva to cross-examine Medidata's experts on whether they reviewed documents that they could not have reviewed due to Veeva's discovery objection runs a significant risk of heavily prejudicing Medidata. The ready inference from such a line of questioning is that the experts declined to review certain information through lack of competence when they instead were not allowed to do so pursuant to Veeva's discovery objections. *See* Fed. R. Evid. 403. Introducing evidence to explain to the jury the discovery disputes and rulings in this case would likely confuse and possibly mislead the jury.

Veeva characterizes Medidata MIL 8 as seeking to "prevent Veeva from cross-examining Medidata experts or arguing to the jury that their opinions are unreliable." Medidata MIL 8 is more specific and less benign: it seeks to preclude Veeva from introducing evidence or argument that Medidata's experts are somehow unreliable for having been unable to consider information that Veeva did not produce in this litigation.

Medidata MIL 8 is **granted**. At trial, Veeva may not cross-examine Medidata's expert witnesses on their failure to review documents not produced in discovery that relate to: (1) Veeva's EDC or CTMS source code; (2) the revision history for its source code; (3) the documents describing the functionality of and revisions to its source code; (4) the specifications, schematics, system block diagrams, flow charts, and other documents sufficient to show the design and operation of its EDC and CTMS products; (5) which particular features,

functionalities, or code from the Veeva Vault Platform were purportedly incorporated into its EDC and CTMS products; (6) EDC or CTMS specific product development costs; and (7) financial information relating to the cost of developing the Vault Platform.

    The Clerk of Court is respectfully directed to close the entry at Docket No. 477.

Dated:  February 24, 2022
       New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE