UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MEDIDATA SOLUTIONS, INC. et al., :
                              Plaintiffs, :
                                      :
              -against- : 17 Civ. 589 (LGS)
                                      :
VEEVA SYSTEMS, INC., : OPINION & ORDER
                              Defendant. :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      Veeva moves *in limine* to preclude evidence and argument relating to 18,127 documents listed in response to Veeva's Interrogatory No. 7, as well as similar documents ("Veeva MIL 1"). Medidata opposes. For the reasons set forth below, the motion is granted in part.

      Veeva's Interrogatory No. 7 directed Medidata to specify which trade secrets were contained in specific documents retained by former Medidata employees after they left Medidata. Medidata responded with a list of thousands of documents, comprising tens of thousands of individual pages. After granting two motions to compel more specific responses, so that the parties could understand what trade secrets were allegedly misappropriated, Judge Lehrburger warned Medidata that "failure to sufficiently identify the alleged trade secrets with specificity during discovery would have consequences on summary judgment and/or at trial," and that Medidata "would be bound by the answers given during discovery even if deemed not sufficiently specific." Medidata's ultimate response to Interrogatory No. 7 consists of 18,127 unique documents spanning 55,311 pages. It attributes specific documents, and large page ranges in those documents, to various classes of trade secrets.

      The Court's summary judgment opinion evaluated whether Medidata's discovery responses described its trade secrets "specifically enough for a jury to apply the relevant legal tests -- whether a trade secret existed and whether the defendant misappropriated it." That

opinion held that the response to Interrogatory No. 7 did not meet this requirement, as "[i]t is neither Veeva nor the Court's burden to ascertain whether any identifiable trade secret evidence can be gleaned from tens of thousands of pages of documentation." The summary judgment opinion separately held that Medidata's response to Interrogatory No. 5, which purported to provide a complete narrative description of the trade secrets, supported by references to various record documents, adequately specified ten classes of trade secrets. Those classes are listed in Appendix A of the summary judgment opinion.

The summary judgment opinion declined to find trade secrets specified in the 18,127 documents listed in response to Interrogatory No. 7 because Medidata provided no specific explanation of how they embodied any particular trade secret, meaning that a factfinder could not apply to those allegedly misappropriated documents the appropriate follow-on factual tests -- such as whether any alleged trade secrets they allegedly contained were valuable, misappropriated or maintained as secrets. If these documents were introduced at trial, the requirement to identify trade secrets with sufficient specificity would be effectively circumvented. Veeva and the jury would face the same confusing circumstance the specificity requirement is designed to prevent -- introduction of, or generalized references to, thousands of pages of documentation barred on summary judgment due to Medidata's failure to describe adequately the alleged trade secrets therein. *See Sit-Up Ltd. v. IAC/InterActiveCorp.*, No. 5 Civ. 9292, 2008 WL 463884, at *11 (S.D.N.Y. Feb. 20, 2008) (trade secret must be described specifically enough "that the defendant can defend [itself] adequately against claims of trade secret misappropriation, and can divine the line between secret and non-secret information, and so that a jury can render a verdict based on a discriminating analysis of the evidence of disclosure and misappropriation."); *accord Big Vision Private Ltd. v. E.I. DuPont De Nemours & Co.*, 1 F.

Supp. 3d 224, 257 (S.D.N.Y. 2014), *aff'd sub nom. Big Vision Private Ltd. v. E.I. du Pont de Nemours & Co.*, 610 F. App'x 69 (2d Cir. 2015).  The jury should not be presented with vague waves of the hand at masses of documents that may or may not contain anything that qualifies as a trade secret.  Alternatively, Veeva would be prejudiced should Medidata choose to explain at trial for the first time what trade secrets were in the documents and where.  Exclusion of evidence and argument regarding these documents is warranted.

In response, Medidata claims that the question of whether a trade secret is appropriately specified by a body of documentation differs from the question of whether that trade secret has been misappropriated.  Medidata notes that the latter question may be corroborated by showing documents taken from a party that embody the allegedly stolen trade secrets.  While that may be, to the extent Medidata intends to explain, for the first time at trial, how specific documents in the interrogatory response embody one or more trade secrets, the time to do so has passed.  Medidata had the opportunity to do so during discovery, was directed to do so multiple times by Judge Lehrburger, did undertake such an explanation by citing documents in its response to Interrogatory Number 5, but did not do so for Interrogatory Number 7, despite the Court's admonition that it would be held to its responses on summary judgment and at trial.

Veeva MIL 1 is **granted in part**.  At trial, Medidata shall not introduce evidence and argument relating to the documents identified in Medidata's response to Interrogatory No. 7, with the exception of those documents identified in Medidata's response to Interrogatory No. 5.

Veeva also requests exclusion of "similar documents" to those in Interrogatory No. 7 but identifies no such specific documents. The admissibility of any such specific documents, should the issue arise, will be resolved consistent with this opinion and must be raised in advance of offering any such document at trial.

The Clerk of Court is respectfully directed to close the motions at Docket Nos. 404 and 407.

Dated: February 25, 2022
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**