UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MEDIDATA SOLUTIONS, INC. et al.,          :
                          Plaintiffs,          :
                                :
            -against-           :          17 Civ. 589 (LGS)
                                :
VEEVA SYSTEMS, INC.,                      :          OPINION & ORDER
                        Defendant.        :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      Veeva moves *in limine* to preclude Medidata from introducing any factual theories of misappropriation not disclosed in its response to Veeva's Interrogatory No. 15 ("Rog. 15 Response") or the expert report of Jim Davies ("Davies Report") ("Veeva MIL 2"). Medidata opposes. For the reasons set forth below, the motion is granted.

      Veeva served a contention interrogatory, Interrogatory No. 15, requesting that Medidata specify the factual conduct constituting Veeva's alleged misappropriation of trade secrets, as well as each disclosure to, or access by, Veeva of each trade secret. Medidata responded with descriptions of such misappropriation, disclosure and access, as well as references to specific documents taken. The response also incorporates by reference the Davies Report.

      "[C]ontention interrogatories are designed to assist parties in narrowing and clarifying the disputed issues in advance of summary judgment practice or trial" and responses to those interrogatories "are treated as judicial admissions which usually estop the responding party from later asserting positions not included in its answers." *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, No. 08 Civ. 312, 2014 WL 494522, at *2 (S.D.N.Y. Feb. 6, 2014). Exclusion of factual theories of misappropriation not disclosed in the Rog. 15 Response or Davies Report is appropriate to ensure that the issues are narrowed and clarified for the jury at trial.

Veeva also moves to exclude evidence of misappropriation in the thousands of documents Medidata listed in response to Veeva Interrogatories 7 and 18, which ask which documents contain and reflect alleged trade secrets, respectively. Veeva's argument as to those documents concern the potential for jury confusion about the existence of a trade secret, rather than whether those documents reflect misappropriation. Those arguments with respect to Interrogatory Nos. 7 and 18 are addressed in the Court's orders on Veeva MIL 1 and Veeva MIL 3.

Veeva MIL 2 is **granted**. At trial, Medidata shall not introduce factual theories of misappropriation that are not set forth in the Rog. 15 Response or the Davies Report. Because the documents identified in Medidata's responses to Interrogatories 7 and 18 are excluded in separate orders for failure to specify a trade secret in the first instance, those documents may not be introduced as evidence of misappropriation in support of the theories set forth in the Rog. 15 Response or Davies Report.

The Clerk of Court is respectfully directly to close the motion at Docket No. 471.

Dated:  February 25, 2022
        New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE