UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
MEDIDATA SOLUTIONS, INC. et al.,                :
                                  Plaintiffs,   :
                                                :
             -against-                          :       17 Civ. 589 (LGS)
                                                :
VEEVA SYSTEMS, INC.,                            :       OPINION & ORDER
                                  Defendant.    :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

  Veeva moves *in limine* to (1) limit Medidata's description of its alleged trade secrets to the verbatim language set forth in Appendix A of the court's summary judgment order and (2) exclude evidence or argument regarding documents listed in response to Veeva's Interrogatory No. 18 ("Rog. 18 Response") ("Veeva MIL 3"). Medidata opposes. For the reasons set forth below, the motion is granted in part.

  Veeva's Interrogatory No. 18 directed Medidata to specify which trade secrets were "reflect[ed]" in specific documents retained by former Medidata employees after they left Medidata. During discovery, Judge Lehrburger warned Medidata that "failure to sufficiently identify the alleged trade secrets with specificity during discovery would have consequences on summary judgment and/or at trial," and that Medidata "would be bound by the answers given during discovery even if deemed not sufficiently specific." The Rog. 18 Response comprises a list of 765 documents, without identifying the trade secrets contained therein.

  The summary judgment opinion evaluated whether Medidata's discovery responses described its trade secrets "specifically enough for a jury to apply the relevant legal tests -- whether a trade secret existed and whether the defendant misappropriated it." That opinion held that various interrogatory responses that, in total, listed thousands of pages of documentation did not meet this requirement, as "[i]t is neither Veeva nor the Court's burden to ascertain whether

any identifiable trade secret evidence can be gleaned from tens of thousands of pages of documentation." The summary judgment opinion separately held that Medidata's response to Interrogatory No. 5, which purported to provide a complete narrative description of the trade secrets, supported by references to various record documents, adequately specified ten classes of trade secrets. Those classes are listed in Appendix A of the summary judgment opinion.

Limiting Medidata to the language of Appendix A would result in an unworkable trial. Medidata, like any other party, is free to make its case in its own words. Medidata's descriptions and arguments shall not exceed the scope of the trade secrets set forth in Appendix A.

As to Veeva's request regarding the documents in the Rog. 18 Response, the parties make the same arguments that they made with respect to Veeva Interrogatory No. 7 in Veeva MIL 1. Exclusion of evidence and argument regarding the documents in the Rog. 18 Response is warranted for the same reasons as in the order addressing Veeva MIL 1.

Veeva MIL 3 is **granted in part**. At trial, Medidata shall not introduce evidence and argument relating to the documents identified in the Rog. 18 Response, with the exception of those documents identified in Medidata's response to Interrogatory No. 5. Veeva's request to limit Medidata's description of its trade secrets to the verbatim language of Appendix A is **denied**. At trial, Medidata shall not redefine or expand the scope of the classes of trade secrets set forth in Appendix A.

The Clerk of Court is respectfully directed to close the motions at Docket Nos. 410 and 414.

Dated: February 25, 2022
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE