```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
MEDIDATA SOLUTIONS, INC. et al.,           :
                            Plaintiffs,    :
                                           :
            -against-                      :       17 Civ. 589 (LGS)
                                           :
VEEVA SYSTEMS, INC.,                       :       OPINION & ORDER
                            Defendant.     :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

Veeva moves *in limine* to exclude from the jury evidence relating solely to unjust enrichment ("Veeva MIL 8"). Medidata opposes. The parties may present to the jury evidence relating solely to unjust enrichment, though neither party identifies such evidence in their MIL briefing.

Medidata's damages expert, David Hall, offered two opinions based on theories of unjust enrichment, avoided costs and disgorgement of profits. Veeva argues that, because unjust enrichment is an equitable remedy, which is decided by the court rather than the jury, evidence related *solely* to the question of unjust enrichment is irrelevant to the jury and should be excluded at trial.

The motion is denied because it is based on the incorrect premise that the jury will not address the issue of unjust enrichment. The Defend Trade Secrets Act ("DTSA") states that unjust enrichment will be awarded as "damages." Courts have upheld jury verdicts awarding unjust enrichment damages. The single trade secret misappropriation case that Veeva cites did not discuss the relevant statute or statutory language.

The DTSA expressly characterizes an award for unjust enrichment as "damages" and applies that term interchangeably for all three theories a plaintiff may assert to obtain a money award -- the plaintiff's actual loss, the defendant's unjust enrichment, and a reasonable royalty

payable by the defendant for use of the trade secret.  The DTSA describes all three as "damages":

> *damages* for actual loss caused by the misappropriation; and ... *damages for any unjust enrichment* caused by the misappropriation ... that is not addressed in computing damages for actual loss; or ... in lieu of *damages* measured by [those] methods, the *damages* ... measured by imposition of liability for a reasonable royalty for the misappropriator's unauthorized disclosure or use of the trade secret.

18 U.S.C. § 1836(b)(3)(B) (emphasis added).  Veeva suggests no compelling reason why this language should be read to parcel out between the judge and jury the determination of damages under the DTSA.

Monetary awards for unjust enrichment based on a theory of avoided costs under the DTSA or its state law counterparts derived from the Uniform Trade Secrets Act ("UTSA") have consistently been determined by a jury and not the court.  *See, e.g., Epic Sys. Corp. v. Tata Consultancy Servs. Ltd.*, 980 F.3d 1117, 1130 (7th Cir. 2020) (affirming jury award of avoided cost damages under the Wisconsin UTSA as "head start" unjust enrichment damages); *Children's Broad. Corp. v. Walt Disney Co.,* 357 F.3d 860, 865-66 (8th Cir. 2004) (same, construing identical language under the Minnesota UTSA); *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp., Inc.*, No. 15 Civ. 211, 2021 WL 1553926, at *7 (S.D.N.Y. Apr. 20, 2021) (upholding jury award of avoided costs as unjust enrichment under the DTSA); *Motorola Sols., Inc. v. Hytera Commc'ns Corp.*, 495 F. Supp. 3d 687, 709–10 (N.D. Ill. 2020) (same).

Veeva cites *Texas Advanced Optoelectronic Sols., Inc. v. Renesas Elecs. Am., Inc.*, 895 F.3d 1304 (Fed. Cir. 2018) ("*TAOS*") for the proposition that the court, and not a jury, should determine any unjust enrichment award in this case.  *TAOS* is not binding authority, and its conclusion about judge versus jury is dicta and does not discuss the relevant federal statute. Instead, the court posed the constitutional question of whether the plaintiff had a Seventh Amendment right to have the disgorgement award determined by a jury.  The court concluded

that the plaintiff had no such right because "no disgorgement remedy was available at law in 1791" for trade secret misappropriation claims based on analogous claims of patent, trademark and copyright infringement. *See id.* at 1325. Further, in *TAOS*, the misappropriation claim was based on Texas law, and the court did not address the federal statute.

In any event, because the issue is apparently one of first impression in this Circuit, and in an abundance of caution, the Court will seek the jury's view of the amount of any unjust enrichment award on the verdict sheet with the option of determining later whether that verdict is merely advisory. *See* Fed. R. Civ. P. 39(c).

Veeva MIL 8 is **denied**. At trial, the parties may present to the jury evidence relating to unjust enrichment. By March 25, 2022, the parties shall separately file letters not to exceed three pages on the issue of whether unjust enrichment under the California Uniform Trade Secret Act is to be determined by the court or the jury.

The Clerk of Court is respectfully directed to close the motions at Docket Nos. 443 and 447.

Dated: February 25, 2022
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

3