```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
  MEDIDATA SOLUTIONS, INC. et al.,            :
                                   Plaintiffs, :
                                               :
               -against-                       :   17 Civ. 589 (LGS)
                                               :
  VEEVA SYSTEMS, INC.,                         :        ORDER
                                  Defendant.   :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, the parties filed sealing motions in connection with pre-trial motions and related filings.

WHEREAS, at the Court's direction, on January 28, 2022, Plaintiffs filed an omnibus amended motion to seal (the "Omnibus Motion") (Dkt. No. 746). In that motion, Plaintiffs (i) withdrew previous sealing motions with respect to certain documents; (ii) identified documents that should remain under seal and specified the basis for confidential treatment for each document and (iii) filed redacted versions of the documents for which they sought confidential treatment.

WHEREAS, Plaintiffs oppose Defendant's motions to seal documents containing information regarding the amount of stock an employee was granted on the ground that such information is publicly available in SEC filings and on Defendant's website.

WHEREAS, a three-part inquiry determines whether to seal a document. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006); *accord Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020). The first question is whether the document is "a judicial document subject to the [presumed] right of public access," meaning that the document is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119 (internal quotation marks omitted). The second step, if the presumption attaches, is to determine the weight of the presumption by assessing "the role of the material at issue in the exercise of

Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id*.  The third step is to balance against the presumption of any "competing considerations" such as "impairing law enforcement[,] judicial efficiency" and "the privacy interests of those resisting disclosure." *Id.* at 120.  In weighing the presumption against competing considerations, a court must consider the "qualified First Amendment right of access" and can seal documents only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.*

WHEREAS, the presumption of public access applies, as moving papers are judicial documents to which a presumption of access attaches.  *See Michelo v. Nat'l Collegiate Student Loan Tr. 2007-2*, No. 18 Civ. 1781, 2021 WL 1637814, at *1 (S.D.N.Y. Apr. 27, 2021) (citing *Lugosch*, 435 F.3d at 119).

WHEREAS, the weight of the presumption is low because the parties have provided redacted versions of the documents, omitting only confidential business information and trade secrets.  *See Sylvania v. Ledvance LLC*, No. 20 Civ. 9858, 2021 WL 412241, at *2 (S.D.N.Y. Feb. 5, 2021) ("courts have long recognized the protection of trade secrets as a justification for limiting public access to judicial documents"); *Kewazinga Corp. v. Microsoft Corp.*, No. 18 Civ. 4500, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021) ("Examples of commonly sealed documents include those containing trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like.") (internal quotation marks omitted).  Here, the parties' competitive business interests outweigh the public's interest in access to the redacted information.

WHEREAS, the information withheld is narrowly tailored to ensure public access to all but the parties' proprietary confidential information.  *Lugosch*, 435 F.3d at 120 (stating that

sealing must be "narrowly tailored to serve that interest").  It is hereby

**ORDERED** that by **March 8, 2022**, Plaintiffs shall file on the docket public versions of (1) the documents for which Plaintiffs withdrew their sealing motions in the Omnibus Motion and (2) redacted versions of the documents for which they sought confidential treatment in the Omnibus Motion.  It is further

**ORDERED** that by **March 8, 2022**, Defendant shall file a letter in response to Plaintiffs' opposition to its motions to seal information relating to stock granted to Defendant's employees stating, (1) whether the proposed redacted information in Docket Nos. 467, 468-1, 546-3 and 549 is publicly available; (2) the extent to which any confidential information can be protected through more limited redactions and (3) how disclosure would be damaging or embarrassing to Defendant's business or the employees.  It is further

**ORDERED** that parties shall coordinate the filing of public, redacted versions of the expert reports or excerpts of reports that were previously filed entirely under seal (e.g., Dkt. No. 448-1), or file a letter otherwise explaining why the confidential information in those documents cannot be protected through limited redactions, by **March 11, 2022**.

The Clerk of Court is respectfully directed to terminate the motions at Dkt. Nos. 390, 403, 406, 514, 515, 517, 532, 596, 597, 611, 623, 630, 634, 645, 661, 663, 685, 686, 687, 692, 704, 705, 721 and 746.

Dated: February 28, 2022
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**